UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Alucard Taylor,<br><br>  Plaintiff,<br><br>  v.<br><br>Zillow Inc. et al.,<br><br>  Defendant. | CASE NO. 2:25-cv-01818-JLR<br><br>ORDER |

Before the court is non-party Geodoma's motion for leave to submit an *amicus curiae* brief in the above referenced matter. (Mot. (Dkt. # 7).) None of the parties consent to the motion. (*See id.* at 2.)

A district court "has broad discretion" to appoint *amici curiae* and to accept *amicus* briefs. *See Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *overruled in part on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995). Nevertheless, courts should exercise caution in so doing. *See Strasser v. Doorley*, 432 F.2d 567, 569 (1st Cir. 1970) ("We recognize that the acceptance of amicus briefs is within the sound discretion

ORDER - 1

of the court . . . . [n]onetheless, we believe a district court lacking joint consent of the parties should go slow in accepting, and even slower in inviting, an amicus brief unless . . . the amicus has a special interest that justifies his having a say, or unless the corut feels that existing counsel may need supplementing assistance.").

In its motion, Geodoma represents that it is "a direct competitor with Zillow" and that it can assist the court in understanding how relevant "cases have been recently decided by other District Courts in the Ninth Circuit." (Mot. at 2.) The court, however, sees no reason why the parties here will need supplementing assistance in briefing relevant case law as the occasion arises. Additionally, the parties do not consent to the motion, and—other than Geodoma's motion itself—there are currently no pending motions before the court, and no issues that would warrant amicus briefing.

Therefore, the court DENIES Geodoma's motion for leave to submit an *amicus* brief (Dkt. # 7).

Dated this 15th day of October, 2025.

JAMES L. ROBART
United States District Judge

ORDER - 2