The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| ALUCARD TAYLOR, HAN ZHENG, DAVID LIAO, KAREN KING, LISA KNUDSON, EYDALIA THURSTON, KYLE SILVA, DALE KOGER, JOHN CADY, and REBECCA BRUCALIERE, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., ZILLOW HOMES, INC., and ZILLOW LISTING SERVICES, INC., Washington Corporations, ZILLOW HOME LOANS, LLC, a California Corporation, WORKS INDUSTRIES, LLC, an Oregon Corporation, GK PROPERTIES, a Nevada Corporation, and FRANO TEAM, a Florida Organization,<br><br>Defendants. | Case No. 2:25-cv-01818-JLR<br><br>**JOINT MOTION TO CONSOLIDATE RELATED ACTIONS UNDER LOCAL RULE 42 AND MODIFY INITIAL SCHEDULING DATES UNDER LOCAL RULE 7(j)**<br><br>**NOTE ON MOTION CALENDAR:**<br>**December 17, 2025** |
| ARABA ARMSTRONG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW GROUP, INC., ZILLOW, INC., and ZILLOW HOME LOANS, LLC,<br><br>Defendants. | Case No. 2:25-cv-02226-BAT |



JOINT MOTION TO CONSOLIDATE
RELATED ACTIONS
Case No. 2:25-cv-01818-JLR



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

011313-11/3364724 V1

## I.   INTRODUCTION

Pursuant to Local Rule 42(a) and Rule 42(a) of the Federal Rules of Civil Procedure, Plaintiffs[1] in the above-captioned proposed class actions, *Taylor v. Zillow*, No. 2:25-cv-01818-JLR (W.D. Wash.) and *Armstrong v. Zillow*, No. 2:25-cv-02226-BAT (W.D. Wash.), respectfully move to consolidate their proposed cases against Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc, Zillow Listing Services, Inc., Zillow Home Loans LLC, Works Industries, LLC, GK Properties, and Frano Team ("Defendants"). This motion is joined by all Plaintiffs and unopposed by Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Zillow Home Loans, LLC.[2]

*Taylor* and *Armstrong* involve common questions of law and fact. Both actions are brought on behalf of consumers who allege they were referred to Zillow Home Loans by a Zillow Agent and obtained a mortgage from Zillow Home Loans. Both actions involve alleged violations of Section 8(A) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607, and the Washington Consumer Protection Act ("WCPA"), Wash. Rev. Code Ann. § 19.86.020. Both actions contain similar allegations, such as Zillow rewarding agents who refer clients to Zillow Home Loans, and Zillow failing to disclose referral programs to consumers. Both actions are in their infancy—at the pleading stage. Finally, while *Armstrong* has been assigned to the Hon. Magistrate Judge Brian A. Tsuchida, it has not yet been assigned to any Article III judge. Therefore, the Court should consolidate case number 2:25-cv-02226 into the above-caption action (which has the lower case number).

## II.   ARGUMENT

A court may consolidate two actions that involve a common question of law or fact. *Pecznick v. Amazon.com, Inc.*, 2022 WL 4483123, at *3 (W.D. Wash. Sept. 27, 2022) (citing Fed. R. Civ. P. 42(a)). Consolidation of cases, when possible, is preferred in comparison to first-to-file dismissals. *Id.* at *8. A district court decides consolidation under the abuse of discretion standard. *Owen v. Labor*

---

[1] "Plaintiffs" are Alucard Taylor, Han Zheng, David Liao, Karen King, Lisa Knudson, Eydalia Thurston, Kyle Silva, Dale Koger, John Cady, Rebecca Brucaliere, and Araba Armstrong.

[2] One Defendants (Frano Team) has not yet been served with the *Taylor* Complaint, and two Defendants (Works Industries, LLC and GK Properties) have not yet entered an appearance through counsel.




JOINT MOTION TO CONSOLIDATE
RELATED ACTIONS - 1
Case No. 2:25-cv-01818-JLR

011313-11/3364724 V1

1  *Ready, Inc.*, 146 F. App'x 139, 141 (9th Cir. 2005). A district court also has "broad discretion" to
2  consolidate actions pending within one judicial district. *Pecznick*, 2022 WL 4483123, at *3.

3        When deciding whether consolidation is appropriate, courts should consider judicial
4  economy, whether consolidation would expedite resolution of the case, the potential prejudice to a
5  party opposing the consolidation, and potential confusion to a jury. *Id.*

6        Here, every factor favors consolidation. ***First***, consolidation of the actions will promote
7  judicial economy and preserve the Parties' respective resources. Absent consolidation, the Parties
8  will be forced to expend time and resources conducting expensive and time-consuming discovery on
9  issues, facts, evidence, and witnesses that substantially overlap. Many of the experts, non-party
10 witnesses, and evidence uses will likely be the same. Plaintiffs' allegations in both actions focus on
11 how Zillow rewards agents who recommend Zillow Home Loans, and how Zillow fails to disclose
12 information about its referrals to consumers. Accordingly, and by way of example, the Defendant-
13 executives should only need to be deposed once if consolidation is granted. Such commonalities
14 frequently lend themselves to consolidation. *Assurance Co. of Am. v. PC Mktg., Inc.*, 2014 WL
15 4384053, at *1 (W.D. Wash. Sept. 4, 2014) (consolidation allows overlapping issues to be resolved
16 in a "streamlined manner"). Consolidation will also save the Parties inconvenience and expense by
17 permitting them to avoid litigating the consolidated issues twice.

18       ***Second***, consolidation may facilitate settlement. If the Zillow defendants were inclined to
19 resolve this matter at some point, they would be able to do so in one case, providing resolution of all
20 matters pending against Zillow for the alleged conduct.

21       ***Third***, consolidation would not prejudice any of the parties because both actions are in similar
22 procedural postures. The *Taylor* complaint was filed on September 19, 2025 against Zillow, Inc.,
23 Zillow Group, Inc., Zillow Homes, Inc, and Zillow Listing Services, Inc. The *Armstrong* complaint
24 was filed on November 7, 2025 against Zillow Inc. and Zillow Group, Inc., as well as Zillow Home
25 Loans, LLC. Case No. 2:25-cv-02226, Dkt. No. 1.  On November 19, 2025, the *Taylor* Plaintiffs
26 filed an Amended Class Action Complaint, and added Zillow Home Loans, LLC as a defendant
27 (along with Works Industries, LLC, GK Properties, and Frano Team). Dkt. No. 15.  Defendants have
28 not filed a motion to dismiss in either case, and discovery has not yet begun. In these circumstances,



JOINT MOTION TO CONSOLIDATE
RELATED ACTIONS - 2
Case No. 2:25-cv-01818-JLR



there is no prejudice to any party. *See Riggs v. Tristar Ins. Grp.*, 2024 WL 5454556, at *2 (C.D. Cal. Sept. 6, 2024).

***Fourth***, consolidation will not confuse the jury. The cases involve overlapping facts and have common legal issues. The proposed classes in each case also overlap. *Assurance*, 2014 WL 4384053, at *2.

***Fifth***, counsel for all Plaintiffs, and counsel for Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Zillow Home Loans, LLC. met and conferred telephonically on November 26, 2025, and these parties have consented to this unopposed motion.

In light of this request for consolidation, the parties also respectfully request that the Court modify the deadlines for Zillow to file responsive pleadings in *Taylor* and *Armstrong*, and the deadlines in the Court's Initial Scheduling Order in *Taylor*, No. 25-1818, Dkt. 18. Good cause exists to extend the deadlines in the interest of efficiency because, if the Court consolidates these cases, the filing of a consolidated complaint will moot any previously filed motions to dismiss. And it would also be more efficient to conduct a single Rule 26(f) conference once the consolidated complaint is filed. Accordingly, the parties respectfully request that the Court stay all deadlines pending resolution of the motion to consolidate. And should the Court grant the motion to consolidate, the parties request that the Court enter the following agreed-upon schedule.

| Event | Due Date |
| --- | --- |
| Plaintiffs to file Consolidated Class Action Complaint ("CCAC"). | Two weeks after the later of the Court's ruling on Plaintiffs' pending motion for appointment as interim lead class counsel or the Court's ruling on this motion to consolidate. |
| Rule 26(f) Conference. | Three weeks after Plaintiffs file CCAC. |
| Defendants to file responsive pleading to CCAC. | Five weeks after Plaintiffs file CCAC. |
| Plaintiffs to file opposition to responsive pleading. | Four weeks after Defendants file responsive pleading. |
| Defendants to file reply in support of responsive pleading. | Two weeks after Plaintiffs file opposition to responsive pleading. |




### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court consolidate *Armstrong* under Case No. 2:25-cv-01818-JLR and modify the initial deadlines according to the parties' agreed-upon schedule.

*I certify that this memorandum contains 1,117 words out of 4,200 words, in compliance with the Local Civil Rules 7(e)(2).*

DATED: December 3, 2025

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By: */s/ Jerrod C. Patterson*
    Jerrod C. Patterson (WSBA No. 43325)
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Facsimile: (206) 623-0594
Email: steve@hbsslaw.com
      jerrodp@hbsslaw.com

Douglas J. McNamara*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Email: dmcnamara@cohenmilstein.com

Theodore J. Leopold*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Facsimile: (561) 515-1401
Email: tleopold@cohenmilstein.com

*Attorneys for the Taylor Plaintiffs and the Proposed Class*

**Pro hac vice application forthcoming*




**DICELLO LEVITT LLP**

By: */s/ Adam J. Levitt*
    Adam J. Levitt, *admitted pro hac vice*
Amy E. Keller, *admitted pro hac vice*
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
Facsimile: (312) 253-1443
Email: alevitt@dicellolevitt.com
      akeller@dicellolevitt.com

Corban Rhodes, *admitted pro hac vice*
Emma Bruder, *admitted pro hac vice*
**DICELLO LEVITT LLP**
485 Lexington Avenue, Tenth Floor
New York, New York 10017
Telephone: (646) 933-1000
Facsimile: (646) 494-9648
Email: crhodes@dicellolevitt.com
      ebruder@dicellolevitt.com

Jason T. Dennett, WSBA #30686
Rebecca L. Solomon, WSBA #51520
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: jdennett@tousley.com
     rsolomon@tousley.com

*Attorneys for Plaintiff Armstrong and the Proposed Class*


011313-11/3364724 V1

JOINT MOTION TO CONSOLIDATE
RELATED ACTIONS - 5
Case No. 2:25-cv-01818-JLR



**CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2025, a true and correct copy of the foregoing was filed electronically by CM/ECF, which caused notice to be sent to all counsel of record via email.

                                    */s/ Steve W. Berman*
                                      Steve W. Berman

