THE HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ALUCARD TAYLOR, ARABA ARMSTRONG, HAN ZHENG, DAVID LIAO, KAREN KING, LISA KNUDSON, EYDALIA THURSTON, KYLE SILVA, DALE KOGER, JOHN CADY, and REBECCA BRUCALIERE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ZILLOW, INC., ZILLOW GROUP, INC., ZILLOW HOMES, INC., ZILLOW LISTING SERVICES, INC., Washington Corporations, ZILLOW HOME LOANS, LLC, a California Corporation, GK PROPERTIES, a Nevada Corporation, REAL BROKER, LLC, a Florida Corporation, and FRANO TEAM, a Florida Organization,

Defendants.

Consolidated Case No. 2:25-cv-01818-JLR

**ZILLOW DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

NOTE ON MOTION CALENDAR:
MARCH 20, 2026

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

## I. INTRODUCTION

This Request for Judicial Notice is filed concurrently with the Zillow Defendants'[1] Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("Motion to Dismiss"). Pursuant to Federal Rule of Evidence 201 and applicable case law, the Zillow Defendants respectfully request that the Court consider Exhibits 1–7 under the doctrines of judicial notice and/or incorporation by reference in support of the Zillow Defendants' Motion to Dismiss. These materials are integral to a fair and comprehensive consideration of the merits of the Motion to Dismiss and the legal viability of Plaintiffs' claims.

This request includes the following documents, all of which are attached as exhibits to the Declaration of Aarti Reddy filed concurrently herewith:

- **Exhibit 1:** "Contact Agent" Pop-Out, available via https://www.zillow.com/homes/for_sale/ by clicking on a home listing and then on "Contact Agent" (exhibit downloaded on February 12, 2026; website last visited on February 19, 2026).
- **Exhibit 2:** Zillow's Terms of Use, effective November 4, 2020, available online at https://web.archive.org/web/20201216115021/https://www.zillow.com/z/corp/terms/ (last visited February 19, 2026).
- **Exhibit 3:** Zillow's Terms of Use, effective September 23, 2022, available online at https://web.archive.org/web/20220928050325/https://www.zillow.com/z/corp/terms/ (last visited February 19, 2026).
- **Exhibit 4:** Zillow's Terms of Use, effective August 29, 2024, available online at https://web.archive.org/web/20241107010308/https://www.zillow.com/z/corp/terms/ (last visited February 19, 2026).
- **Exhibit 5:** Zillow's Terms of Use, effective May 20, 2025, available online at https://web.archive.org/web/20250602135636/https://www.zillow.com/z/corp/terms/ (last visited February 19, 2026).
- **Exhibit 6:** Zillow Touring Agreement for the state of Oregon, available online at https://delivery.digitallibrary.zillowgroup.com/public/OR-

[1] The Zillow Defendants include Defendants Zillow, Inc. ("Zillow"); Zillow Group, Inc.; Zillow Homes, Inc.; Zillow Listing Services, Inc.; and Zillow Home Loans, LLC.

FinalTouringAgreement_pdf_Original.pdf (last visited February 19, 2026).

- **Exhibit 7:** Affiliated Business Arrangement Disclosure, available online at https://www.zillow.com/affiliated-business-arrangement-disclosure/ (last visited February 19, 2026).

## II. LEGAL STANDARD

In deciding a motion to dismiss, a court "must consider the complaint in its entirety," including "matters of which a court may take judicial notice" and "documents incorporated into the complaint by reference." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308, 322 (2007); *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998–99 (9th Cir. 2018); *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Under Federal Rule of Evidence 201(b), courts may take judicial notice of matters that are either (1) "generally known within the trial court's territorial jurisdiction" or (2) "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Smith v. Coupang, Inc.*, 772 F. Supp. 3d 1228, 1236 (W.D. Wash. 2025). Statements that derive from a publicly available website are judicially noticeable for the fact that the websites contained those statements. *See Wilson v. Playtika, Ltd.*, 349 F. Supp. 3d 1028, 1042 (W.D. Wash. 2018) (granting request for judicial notice in support of motion to dismiss); *see Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998–99 (9th Cir. 2010) (taking judicial notice of publicly available websites).

The doctrine of incorporation by reference supplies an independent basis for considering documents beyond a complaint's four corners in connection with a Rule 12 motion to dismiss. *See Khoja*, 899 F.3d at 1002 ("Unlike rule-established judicial notice, incorporation-by-reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself."). A document "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Ritchie*, 342 F.3d at 908; *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

## III. ARGUMENT

The Zillow Defendants respectfully request that the Court take judicial notice of and consider Exhibits 1 through 7 to the Declaration of Aarti Reddy submitted herewith in evaluating the Zillow Defendants' Motion to Dismiss Plaintiffs' Consolidated Amended Class Action Complaint ("CCAC") (Dkt. No. 45). These exhibits are each publicly available webpages, terms of use, or informational materials published to Zillow.com and are offered to demonstrate their existence, rather than the truth of the matters stated therein. Thus, they are proper subjects of judicial notice. Further, since Exhibits 1, 5, and 6 are referenced in the CCAC and form the basis of Plaintiffs' claims, they are incorporated by reference into the CCAC and the Court can consider them for this independent reason.

### A. The Court May Take Judicial Notice Of All Exhibits Because They Are Publicly Accessible Webpages

Exhibits 1–7 are judicially noticeable as public documents whose existence is not subject to reasonable dispute. *See* Fed. R. Evid. 201(b). Each of these exhibits are publicly available webpages from a source whose accuracy cannot reasonably be questioned:

- **Exhibit 1** is a representative sample screenshot of the standard pop-out of the display, including disclosures, that appears when a user clicks the "Contact Agent" button on a home listing on Zillow.com, which is reflected in paragraph 5 of the CCAC and which provides the foundation for several of the Plaintiffs' claims. *See, e.g.*, CCAC ¶¶ 5–6, 19, 23–28. Exhibit 1 was accessed and saved on February 12, 2026. *See* Reddy Decl. ¶ 2.
- **Exhibits 2–5** are iterations of the Zillow.com Terms of Use, in effect as of the dates each Plaintiff alleges having closed their home purchase, and which have been archived through https://web.archive.org/. *See* Reddy Decl. ¶¶ 3–6.
- **Exhibit 6** is a true and correct copy of the Zillow Touring Agreement, which Plaintiffs allege buyers are asked to sign after contacting an agent through Zillow.com. *See*

CCAC ¶ 184 & n.81; *see also* Reddy Decl. ¶ 7.

- **Exhibit 7** is Zillow's Affiliated Business Arrangement Disclosure, which is publicly available on Zillow's website. *See* Reddy Decl. ¶ 8.

Courts have routinely held that public webpages such as these are the proper subject of judicial notice. *See, e.g.*, *CMRE Fin. Servs. Inc. v. Doxo Inc.*, 2022 WL 16701259, at *4 (W.D. Wash. Oct. 7, 2022), *report and recommendation adopted*, 2022 WL 16699090 (W.D. Wash. Nov. 3, 2022) ("In general, websites and their contents may be judicially noticed."); *Crowell v. Audible Inc.*, 2025 WL 2939260, at *3 (W.D. Wash. Oct. 16, 2025) (taking judicial notice of websites because "[e]ach of these documents is publicly available on either Audible's or Amazon's website, and their authenticity is beyond reasonable dispute"); *Garner v. Amazon.com, Inc.*, 603 F. Supp. 3d 985, 993 (W.D. Wash. 2022) (taking judicial notice of document "because it was published on the internet").

Exhibits 2–5 are historical versions of Zillow's TOU. Courts in this District routinely take judicial notice of websites' terms of use in similar litigation. *See, e.g.*, *Fed. Trade Comm'n v. Doxo, Inc.*, 771 F. Supp. 3d 1162, 1175–76 (W.D. Wash. 2025) (taking judicial notice of website's terms of use); *Doe v. Microsoft Corp.*, 2023 WL 8780879, at *2 (W.D. Wash. Dec. 19, 2023) ("Public terms of service and privacy policies are proper subjects of judicial notice."); *Playtika*, 349 F. Supp. 3d at 1042 ("The Court can take judicial notice of the Terms because they derive from a [publicly] available website.") (quotations omitted); *Heinz v. Amazon.com Inc.*, 2024 WL 2091108, at *2–3 (W.D. Wash. May 8, 2024) (taking judicial notice of Amazon's Conditions of Use). Exhibits 2–5 should therefore be judicially noticed as publicly available terms of use.

And while these materials have been preserved through the Internet Archive's well-known Wayback Machine, "courts in this Circuit have taken judicial notice of evidence obtained through the Wayback Machine under Federal Rule of Evidence 201." *Saeedy v. Microsoft Corp.*, 757 F. Supp. 3d 1172, 1194 n.3 (W.D. Wash. 2024); *see also, e.g.*, *Parziale v. HP, Inc*, 2020 WL 5798274, at *3 (N.D. Cal. Sept. 29, 2020) ("[D]istrict courts in this circuit have routinely taken

judicial notice of content from the Internet Archive's Wayback Machine."); *Newell v. Inland Publications Inc.*, 2024 WL 1337177, at *2 (E.D. Wash. Mar. 28, 2024), *reconsideration denied*, 2024 WL 1541267 (E.D. Wash. Apr. 9, 2024) (taking judicial notice of webpages archived through the Wayback Machine).

**B. Exhibits 1, 5, and 6 Are Also Incorporated By Reference**

The Court may also consider Exhibits 1, 5, and 6 in evaluating the Zillow Defendants' motion to dismiss because the CCAC incorporates them by reference. Exhibit 1 is plainly incorporated by reference because Plaintiffs' "Contact Agent" theory of liability centers around the "Contact Agent" button on Zillow.com and its corresponding pop-out. Indeed, this button is mentioned twenty-two times in the CCAC. *See id.* ¶¶ 5, 19, 23–28, 102–04, 106, 119, 182, 232, 247a, 247e–j. Plaintiffs also specifically reference and link to Exhibit 5, which contains the May 20, 2025 version of Zillow's Terms of Use, to identify the law Plaintiffs assert is applicable to their claims. *Id.* ¶ 198. Similarly, Plaintiffs expressly rely on and include a hyperlink to and a partial screenshot of Exhibit 6, the Oregon Touring Agreement, as part of their allegations that Zillow Partner Agents[2] misrepresent their services and relationship with Zillow to buyers. *Id.* ¶ 104 & n.81.

Each of the above documents forms a part of the basis for Plaintiffs' claims, which depend on allegations that the Zillow Defendants did not properly explain their relationship with the Partner Agents or the customer's options in choosing whether they wanted to work together with their agent to purchase a home. Where, as here, documents are "referenced in a complaint but not explicitly incorporated therein," "the complaint relies on the document[s]," and their "authenticity is unquestioned," a court may consider them when deciding a motion to dismiss. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). This serves to "[p]revent [] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting . . . documents upon which their claims are based."

[2] Defined terms have the same meaning as in the Zillow Defendants' Motion to Dismiss. Zillow Partner Agents are buyer-side agents participating in the Zillow Flex program.

*Id.* (quotations and citation omitted); *see also Knievel*, 393 F.3d at 1076 (incorporation by reference applies "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint"). Accordingly, Exhibits 1, 5, and 6 are properly incorporated by reference into the CCAC, and may be considered in evaluating the Zillow Defendants' Motion to Dismiss.

**IV. CONCLUSION**

For the foregoing reasons, the Zillow Defendants respectfully request that the Court take judicial notice of Exhibits 1–7 of the Reddy Declaration, and deem Exhibits 1, 5, and 6 incorporated by reference into the CCAC.

Dated: February 20, 2026

*/s/ Benjamin B. Sweeney*

Benjamin Brink Sweeney (WSBA No. 63957)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Fax: (206) 452-8800
Email: bsweeney@cooley.com

Benedict Y. Hur *(pro hac vice)*
Aarti Reddy *(pro hac vice)*
Thilini Chandrasekera *(pro hac vice)*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
Email: areddy@cooley.com
bhur@cooley.com
tchandrasekera@cooley.com

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800

Fax: (202) 842-7899
Email: mrogers@cooley.com

Sara Victoria M. Pitt *(pro hac vice)*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Fax: (213) 561-3244
Email: sporter@cooley.com

Attorneys for Defendants
Zillow, Inc.; Zillow Group, Inc.; Zillow Homes, Inc.; Zillow Listing Services, Inc.; and Zillow Home Loans, LLC

**ZILLOW DEFENDANTS' REQUEST FOR JUDICIAL NOTICE ISO MTD**
**CASE NO. 2:25-CV-01818-JLR**

7

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700