1      THE HONORABLE JAMES L. ROBART

2

3

4

5

6

7

8

9

10                UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF WASHINGTON
11                      AT SEATTLE

12  ALUCARD TAYLOR, ARABA              Consolidated Case No. 2:25-cv-01818-JLR
    ARMSTRONG, HAN ZHENG, DAVID
13  LIAO, KAREN KING, LISA KNUDSON,    **DEFENDANTS' MOTION TO STAY**
    EYDALIA THURSTON, KYLE SILVA,      **DISCOVERY AND INITIAL DEADLINES**
14  DALE KOGER, JOHN CADY, and
    REBECCA BRUCALIERE, individually and   NOTE ON MOTION CALENDAR:
15  on behalf of all others similarly situated,   March 6, 2026

16              Plaintiffs,

17        v.

18  ZILLOW, INC., ZILLOW GROUP, INC.,
    ZILLOW HOMES, INC., and ZILLOW
19  LISTING SERVICES, INC., Washington
    Corporations, ZILLOW HOME LOANS, LLC,
20  a California Corporation, GK PROPERTIES, a
    Nevada Corporation, REAL BROKER, LLC, a
21  Florida Corporation, and FRANO TEAM, a
    Florida Organization,
22
                Defendants.
23

24

25

26

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

# TABLE OF CONTENTS

I.      Introduction..................................................................................................................1

II.     Factual and Procedural Background ...........................................................................2

III.    Argument ....................................................................................................................4

        A.      Defendants' Pending Motions to Dismiss May Dispose of the Entire
                Case...................................................................................................................5

        B.      Defendants' Pending Motions to Dismiss Can (and Should) Be
                Decided Without Additional Discovery.............................................................7

        C.      No Damage Will Result if the Stay is Granted. ................................................9

        D.      A Stay Would Avoid Potentially Significant Hardship and Inequity. ..................9

        E.      A Stay is Likely to Simplify the Case...............................................................10

IV.     Conclusion ................................................................................................................11

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR                              i

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1

**TABLE OF AUTHORITIES**

2

**Cases**

3

*Ahern Rentals Inc. v. Mendenhall*,
    2020 WL 8678084 (W.D. Wash. July 9, 2020) .........................................................4

4

*Barton v. Bright Solar Mktg. LLC*,
    Dkt. No. 31, No. 25-cv-05310 (W.D. Wash. Sept. 23, 2025)....................5, 8, 10

5

6

*Blackstone Int'l, Ltd. v. E2 Ltd.*,
    2022 WL 522950 (W.D. Wash. Feb. 22, 2022).........................................................7

7

8

*City of Oakland v. BP PLC*,
    969 F.3d 895 (9th Cir. 2020) .....................................................................................9

9

10

*Cootey v. Countrywide Home Loans, Inc.*,
    2011 WL 4853333 (D. Haw. Oct. 12, 2011) ............................................................7

11

*Dietz v. Bouldin*,
    579 U.S. 40 (2016)........................................................................................................4

12

13

*U.S. ex rel. Elms v. Accenture LLP*,
    341 Fed. Appx. 869 (4th Cir. July 22, 2009) ...........................................................8

14

15

*In re Google Digit. Advert. Antitrust Litig.*,
    2020 WL 7227159 (N.D. Cal. Dec. 8, 2020) ........................................................10

16

*Gossage v. Office of Pers. Mgmt.*,
    2025 WL 437752 (W.D. Wash. Feb. 7, 2025)......................................................4, 9

17

18

*HDT Bio Corp. v. Emcure Pharms., Ltd.*,
    2022 WL 2106160 (W.D. Wash. June 10, 2022)....................................................4

19

20

*Kearns v. Ford Motor Co.*,
    567 F.3d 1120 (9th Cir. 2009) ...................................................................................8

21

*Lomibao v. AGC Biologics*,
    Dkt. No. 30, No. 25-cv-00361 (W.D. Wash. Sept. 17, 2025)...........................10

22

23

*Moss v. Cleo AI Inc.*,
    Dkt. No. 44, No. 25-cv-00879 (W.D. Wash. Aug. 20, 2025)..............................9

24

25

*Subspace Omega, LLC v. Amazon Web Servs., Inc.*,
    2024 WL 4451404 (W.D. Wash. Oct. 9, 2024) ............................................ *passim*

26

**DEFTS.' MOT. TO STAY DISCOVERY**
**AND INITIAL CASE DEADLINES**
**CASE NO. 2:25-CV-01818-JLR**

ii

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

*Taylor v. McDonough*,
    2021 WL 9649333 (W.D. Wash. May 17, 2021) ........................................................................ 7

*United States v. Ctr. for Diagnostic Imaging, Inc.*,
    2010 WL 11682231 (W.D. Wash. Dec. 16, 2010) ............................................................. 8, 11

*Vivendi, S.A. v. T-Mobile USA, Inc.*,
    2007 WL 1168819 (W.D. Wash. Apr. 18, 2007) ...................................................................... 10

*Woodell v. Expedia Inc.*,
    2019 WL 3287896 (W.D. Wash. July 22, 2019) ......................................................................... 7

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR

iii

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

# I.    INTRODUCTION

The Zillow Defendants[1] together with the Real Estate Defendants[2] (collectively, "Defendants") respectfully move to stay discovery and other discovery-related deadlines, including the deadlines to hold a Rule 26(f) Conference,[3] to exchange Initial Disclosures, and to file a Joint Status Report and Discovery Plan (collectively, the "Initial Deadlines") pursuant to Local Civil Rules 7(d)(2) and 26(c), Federal Rule of Civil Procedure 26(c)(1), and the Court's inherent authority.  Defendants seek this relief pending resolution of their concurrently-filed motions to dismiss Plaintiffs' Consolidated Amended Class Action Complaint (the "CCAC").

This Court has broad discretion to stay discovery while a motion to dismiss is pending, and good cause exists to grant Defendants' request.  *First*, a stay is warranted because this sprawling action (encompassing 11 plaintiffs bringing 7 claims against 8 defendants) is likely to be dismissed entirely or, at a minimum, substantially narrowed (including the dismissal of parties and claims) through Defendants' now-pending motions.  *Second*, the Defendants' motions to dismiss—both of which seek dismissal of the CCAC in its entirety based, in part, on Plaintiffs' failure to comply with Rule 9(b)—can and should be decided without the aid of discovery.  *Third*, a brief stay will do no harm to Plaintiffs and is necessary to avoid the risk of significant harm to Defendants by subjecting them to discovery before any viable claims are alleged against them.  This is particularly so given that Plaintiffs' 100-page complaint fails to make a single, substantive allegation against most Defendants, including (in the case of the Real Estate Defendants) failing to provide a basis

---

[1] Defendants Zillow, Inc. ("Zillow"), Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Zillow Home Loans, LLC ("ZHL") are collectively referred to herein as the "Zillow Defendants."

[2] Defendants GK Properties, Real Broker, LLC, and Frano Team are collectively referred to herein as the "Real Estate Defendants."

[3] Defendants are cognizant that the Court is unlikely to rule on the instant motion prior to the presently set deadline to hold a Rule 26(f) Conference.  Plaintiffs rejected Defendants' request to seek a continuance of this deadline.  Thus, to the extent formal discovery is served prior to the resolution of this Motion, Defendants further respectfully request the Court stay the deadline to object or respond to such requests until 30 days after the motions to dismiss are resolved.

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR                    1                    COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1    for personal jurisdiction.

2     For these reasons, and as described below and more substantively in Defendants' motions

3    to dismiss, a brief stay of discovery is necessary and proper.

4    **II.    FACTUAL AND PROCEDURAL BACKGROUND**

5     This action was initially filed on September 19, 2025 by a single plaintiff, on behalf of a

6    putative class, with claims against four Zillow entities under the Washington Consumer Protection

7    Act ("WCPA"), the Real Estate Settlement Practices Act ("RESPA"), and for unjust enrichment.

8    *See* Dkt. No. 1.  Following consolidation with a related, later-filed action, Plaintiffs filed their

9    CCAC on December 29, 2025.  Dkt. No. 45.  The CCAC alleges seven causes of action on behalf

10   of 11 named plaintiffs and against five Zillow Defendants and three Real Estate Defendants.  *See*

11   *id.*; *see also* Dkt. No. 63.  Specifically, Plaintiffs assert claims for (1) civil violations of the

12   Racketeer Influenced and Corrupt Organizations Act "RICO" (against all Defendants); (2)

13   violation of RESPA's prohibition against kickbacks for referrals to a settlement service (against

14   the Zillow Defendants); (3) violation of RESPA's prohibition against fee-splitting (against the

15   Zillow Defendants); (4) violations of the WCPA (against the Zillow Defendants); (5) breach of

16   fiduciary duty (against the Real Estate Defendants); (6) aiding and abetting a breach of fiduciary

17   duty (against all Defendants); and (7) unjust enrichment (against the Zillow Defendants).  *See*

18   CCAC ¶¶ 213–354.

19    The factual allegations of the CCAC are described in detail in Defendants' motions to

20   dismiss.  In brief, Plaintiffs allege two primary theories of liability.  The first is their ***"Contact***

21   ***Agent" Theory***, whereby Plaintiffs allege that when looking to buy a home, Zillow deceived them

22   by suggesting they were contacting the listing agent instead of a buyer's agent who advertises with

23   Zillow (a "Partner Agent").  After choosing to close their home purchases with their Partner

24   Agents, Plaintiffs speculate that, because their agents paid a referral fee to Zillow, the agents *must*

25   *have* demanded a higher commission rate than an unidentified hypothetical agent who did not pay

26   Zillow a referral fee. Plaintiffs claim that they were harmed because this allegedly higher

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR

2

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

commission rate inexplicably caused them to pay more for their homes.

Second, through the ***"Pre-Approval Letter" Theory***, Plaintiffs allege that Zillow incentivized agents to encourage buyers to obtain free, no-obligation loan pre-approval letters from its affiliate, ZHL. Plaintiffs suggest that, absent this purported "steering," they might have received more favorable loan terms from another lender. *See id.*

On January 21, 2026, Plaintiffs and the Real Estate Defendants filed a stipulated motion to extend the deadline for the Real Estate Defendants' response to the CCAC to February 20, 2026, the Rule 26(f) conference to February 25, 2026, and the deadlines for the Joint Status Report, Discovery Plan, and Initial Disclosures to March 11, 2026. Dkt. No. 51. The Court granted that motion on January 22, 2026. Dkt. No. 55. The Zillow Defendants separately moved to join in those deadlines, in part due to an anticipated discussion of "whether Defendants would jointly seek a discovery stay." Dkt. No. 53. On January 23, 2026, the Court granted the Zillow Defendants' motion.[4]

In the course of preparing their motions to dismiss the CCAC, Defendants conferred and agreed that the interests of equity and economy supported a stay of discovery and the Initial Deadlines. *See* Declaration of Aarti Reddy in support of Motion to Stay ("Reddy Decl.") ¶ 1. Defendants sought Plaintiffs' stipulation to the relief requested, but Plaintiffs rejected Defendants' request. *See id.* ¶¶ 2–3. The parties have not yet scheduled a Rule 26(f) conference.

Defendants filed their motions to dismiss the CCAC on February 20, 2026. *See* Dkt. Nos. 64 ("Zillow Defts.' Mot."), 67 ("RE Defts.' Mot."). Defendants now file the instant Motion for a stay of discovery and the Initial Deadlines.

---

[4] The Court's order set the Zillow Defendants' deadline to respond to the CACC on February 20, 2026, and the deadline for a Rule 26(f) conference on February 25, 2026. Dkt. No. 59. The Court did not specifically set the March 11, 2026 Initial Discovery Deadlines for the Zillow Defendants, but the initial disclosure deadline follows from the February 25, 2026 Rule 26(f) conference date, *see* Fed. R. Civ. P. 26(a)(1)(C), and the Court indicated its intent to align all deadlines, *see* Dkt. No. 59.

**DEFTS.' MOT. TO STAY DISCOVERY**
**AND INITIAL CASE DEADLINES**
**CASE NO. 2:25-CV-01818-JLR**                                 3                                 COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

### III.    ARGUMENT

This Court possesses broad discretion to relieve a party of the burdens and expense of discovery while a motion to dismiss is pending, both under its inherent authority and under the Federal Rules of Civil Procedure. *See Dietz v. Bouldin*, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases."); *Ahern Rentals Inc. v. Mendenhall*, 2020 WL 8678084, at *1 (W.D. Wash. July 9, 2020) (noting the Court's broad discretion in deciding whether to grant discovery stay for good cause based on a pending dispositive motion) (citing *Jarvis v. Regan*, 833 F.2d 149, 155 (9th Cir. 1987)); *see also* Fed. R. Civ. P. 26(c)(1) (upon a showing of good cause, the court may issue a protective order denying or limiting discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense ....").

In determining whether to stay discovery pending resolution of a motion to dismiss, courts look to several factors to guide their discretion: "(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) the possible damage which may result from the granting of a stay; (4) the hardship or inequity which a party may suffer in being required to go forward; and (5) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, 2024 WL 4451404, at *1 (W.D. Wash. Oct. 9, 2024) (collecting cases) (internal quotations omitted); *see also, e.g.*, *HDT Bio Corp. v. Emcure Pharms., Ltd.*, 2022 WL 2106160, at *2 (W.D. Wash. June 10, 2022) (Robart, J.) (evaluating the first two factors); *Gossage v. Office of Pers. Mgmt.*, 2025 WL 437752, at *1 (W.D. Wash. Feb. 7, 2025) (granting discovery stay where the motion to dismiss could dispose of the entire case). Courts often take a "preliminary peek" at the merits of the dispositive motion to answer these questions, without prejudging the outcome of that motion. *HDT Bio Corp.*, 2022 WL 2106160, at *2 (citations omitted).

Viewed against the gaping deficiencies in Plaintiffs' sprawling Complaint, and for the

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR

4

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

reasons detailed below, each of these factors supports a stay.

**A.    Defendants' Pending Motions to Dismiss May Dispose of the Entire Case.**

The Court can determine the motions are not frivolous and could dispose of the entire case without prejudging the merits of Defendants' motions to dismiss. *See Subspace Omega*, 2024 WL 4451404, at *2. In satisfying this factor, Defendants need not "show that the Amended Complaint has virtually no chance of surviving the Motion to Dismiss[,] . . . [as it] is simply relevant (though certainly not sufficient overall) that the motion may be completely dispositive." *Id.* (citing *HUB Int'l Nw. LLC v. Larson*, 2023 WL 2527150, at *3 (W.D. Wash. Mar. 15, 2023)). And although Plaintiffs could attempt to cure their pleading failures through amendment if given leave to do so, "the fact that Plaintiff could possibly remedy any deficient allegations with leave to amend is not germane to the question before the Court on a motion to stay discovery: whether Defendants' motion is potentially dispositive of the entire case." Order Granting Motion to Stay Discovery, *Barton v. Bright Solar Mktg. LLC*, Dkt. No. 31, at 3 n.1, No. 25-cv-05310 (W.D. Wash. Sept. 23, 2025) ("*Barton*") (quoting *Heck v. Amazon.com, Inc.*, 2022 WL 16579372, at *2 (N.D. Cal. Nov. 1, 2022)).

A "preliminary peek" at Defendants' motions to dismiss confirms the motions are not frivolous and highlights multiple bases for dismissal of each claim, including cross-cutting arguments applicable to all or most claims, such as:

- ***Lack of Personal Jurisdiction.*** Plaintiffs allege no facts supporting this Court's exercise of personal jurisdiction over any of the Real Estate Defendants. (RE Defts.' Mot. at 21–23.)

- ***Expired Claims.*** Six of the nine Plaintiffs purchased their homes between February 2021 and August 2024, and thus bring one or more time-barred claims that are not equitably tolled. This leaves at least Defendant GK Properties with no operative claims against it. (*See* Zillow Defts.' Mot. at 11–13; RE Defts.' Mot. at 8–9.)

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR

5

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

- ***Failure to Satisfy Rule 9(b) Pleading Standards.*** Plaintiffs use improper group pleading and fail to allege the "who," "what," "where," "when," or "how" of any alleged fraud. (*See* Zillow Defts.' Mot. at 10–11; RE Defts.' Mot. at 10–11, 14, 18–19.)

- ***Lack of Causation / Statutory Standing.*** Plaintiffs completely fail to allege how using a Zillow Partner Agent or obtaining a free, no obligation pre-approval letter caused their home prices or loan costs to increase. Without causation, Plaintiffs cannot plead their RICO, WCPA, fiduciary duty, or aiding and abetting claims. (*See* Zillow Defts.' Mot. at 8–10, 14; RE Defts.' Mot. at 7–8.)  And because Plaintiffs do not (and cannot) allege that they were charged for a settlement service, they lack statutory standing under RESPA. (*See* Zillow Defts.' Mot. at 14.)

- ***No Fraud.*** Judicially noticeable documents—coupled with Plaintiffs' own allegations about their interactions with the Real Estate and Zillow Defendants—dispel Plaintiffs' claims of fraud and confirm they were informed: (1) they were meeting buyer-side agents who advertised with Zillow; (2) brokerage services other than homes tours were not provided for free; (3) that Zillow and ZHL were affiliates that might exchange referrals for financial benefit; and (4) they were not obligated to obtain loans based on pre-approval letters.  Based on these pleading deficiencies, none of Plaintiffs' claims can stand. (*See* Zillow Defts.' Mot. at 21–22.)

Defendants also assert claim-specific merits challenges that go to the very core of Plaintiffs' theories of misconduct:

- ***RESPA.*** Plaintiffs lack standing to bring their RESPA claims because they do not allege they were charged for a settlement service related to either theory of liability. Regardless, the normal and customary business practices alleged by Plaintiffs, such as referral agreements, are not RESPA violations. (*See* Zillow Defts.' Mot. at 14–

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR

6

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

20.)

- ***RICO.*** Plaintiffs fail to allege any "racketeering activity," or any harm they suffered as a direct and proximate result thereof. Instead, Plaintiffs allege only routine business activity, with no common fraudulent purpose. (*See* Zillow Defts.' Mot. at 8–10, 24–26; RE Defts.' Mot. at 10–14.)

- ***Aiding and Abetting and Breach of Fiduciary Duty.*** Plaintiffs fail to plead facts detailing the source of any alleged duty, any interactions with the Real Estate Defendants and/or their agents that purportedly breached such duties, or any knowledge or assistance from the Zillow Defendants and the Real Estate Defendants in furtherance of any breach. (*See* Zillow Defts.' Mot. at 27–28; RE Defts.' Mot. at 16–21.)

Because a favorable ruling on any one of several possible combinations of Defendants' arguments would dispose of the entire case, Plaintiffs have plainly satisfied the consideration that "the motion may be completely dispositive." *Subspace Omega*, 2024 WL 4451404, at *2; *see Blackstone Int'l, Ltd. v. E2 Ltd.*, 2022 WL 522950, at *1–2 (W.D. Wash. Feb. 22, 2022) (granting opposed motion to stay discovery in light of motions to dismiss on jurisdictional grounds); *Taylor v. McDonough*, 2021 WL 9649333, at *1–2 (W.D. Wash. May 17, 2021) (granting motion to stay discovery pending motion to dismiss for lack of jurisdiction and failure to state a claim). This factor weighs in favor of granting a stay.

### B.    Defendants' Pending Motions to Dismiss Can (and Should) Be Decided Without Additional Discovery.

Defendants' motions to dismiss "will be necessarily decided without additional discovery, as the Court is required to accept the complaint as true." *Subspace Omega*, 2024 WL 4451404, at *2 (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)). This weighs in favor of a stay. *See id.* Indeed, a stay is particularly appropriate here because each of Plaintiffs' claims sounds in fraud, and is thus subject to Rule 9(b)'s heightened pleading standards.

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR

7

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1    *See, e.g.*, *Woodell v. Expedia Inc.*, 2019 WL 3287896, at *6 (W.D. Wash. July 22, 2019) (Robart,

2    J.) (applying Rule 9(b) to RICO); *Cootey v. Countrywide Home Loans, Inc.*, 2011 WL 4853333,

3    at *6 (D. Haw. Oct. 12, 2011) (same as to RESPA).

4         The Ninth Circuit has recognized that one of the core concerns underlying Rule 9(b) is

5    preventing the filing of a claim as a "pretext for the discovery of unknown wrongs," as well as to

6    "prohibit . . . plaintiff[s] from unilaterally imposing upon the court, the parties and society

7    enormous social and economic costs absent some factual basis." *Kearns v. Ford Motor Co.*, 567

8    F.3d 1120, 1125 (9th Cir. 2009) (internal citations and quotations omitted). "The clear intent of

9    Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the

10   complaint is filed"—and a stay furthers that purpose. *U.S. ex rel. Elms v. Accenture LLP*, 341 Fed.

11   Appx. 869, 873 (4th Cir. July 22, 2009).

12        As discussed in detail in Defendants' motions to dismiss, Plaintiffs' CCAC falls woefully

13   short of the 9(b) standard, failing to allege the details of *any* alleged misrepresentations, to define

14   the basis of a duty to disclose that would support any purported omissions, or even to differentiate

15   among the allegedly wrongful conduct by each Defendant. (Zillow Defs.' Mot. at 10–11; RE

16   Defts.' Mot. at 10–11, 14, 18–19.) "[T]he fact that the motion to dismiss involves insufficiency

17   of the allegations under Rule 9 weighs in favor of granting the [discovery] stay" because, "[i]n

18   order to protect the courts and parties from unwarranted costs, courts are reluctant to permit

19   discovery absent compliance with Rule 9." *United States v. Ctr. for Diagnostic Imaging, Inc.*,

20   2010 WL 11682231, at *2 (W.D. Wash. Dec. 16, 2010) (citing *Bly-Magee v. Cal.*, 236 F.3d 1014,

21   1018 (9th Cir. 2001)).

22        Similarly, Defendants' cross-cutting causation and statute of limitations arguments

23   implicate Plaintiffs' standing to bring a claim in the first instance and are based on facts within

24   Plaintiffs' exclusive possession.  Additional discovery on these points will not save Plaintiffs'

25   pleading, and this factor thus also favors a stay.  *See Barton*, Dkt. No. 31, at 3–4 (granting

26

**DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR**                    8                    COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

discovery stay where "at least some of the issues raised in Defendants' motion to dismiss are questions of law that can be resolved without additional discovery . . . [such as] standing.").

**C.    No Damage Will Result if the Stay is Granted.**

A brief stay of discovery until the Court rules on Defendants' motions to dismiss will not injure any party.  The CCAC in the consolidated action was filed less than two months ago, which suggests that "any damage from a stay of discovery is minimal."  Order, *Moss v. Cleo AI Inc.*, Dkt. No. 44, at 4, No. 25-cv-00879 (W.D. Wash. Aug. 20, 2025) ("The parties have fully briefed the Motion to Compel Arbitration or Dismiss [], the case has been pending for under three months, and any stay is likely to be brief."); *Gossage*, 2025 WL 437752, at *2.

Rather, efficiency and economy will be served by knowing which parties and claims are at issue before embarking on discovery.  The Court has not yet set a case schedule, and Defendants would not seek a schedule that would shorten or otherwise prejudice the parties' ability to complete discovery, if appropriate, once they have clarity on the scope of the pleadings.  *See Subspace Omega*, 2024 WL 4451404, at *2.

This factor thus also favors a stay.

**D.    A Stay Would Avoid Potentially Significant Hardship and Inequity.**

In contrast, if discovery moves forward, it risks significant prejudice to Defendants, including substantial cost and burden in responding to discovery related to claims or parties that are ultimately dismissed.  Complex cases that are likely to be narrowed at the pleadings stage are particularly good candidates for a brief stay pending a dispositive motion.  *See id.* (noting that stays pending motions to dismiss in antitrust cases "especially make sense because the costs of discovery in such actions are prohibitive") (quoting *Rutman Wine Co.*, 829 F.2d at 738); *see also, e.g.*, *City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) ("[Rule 12(b)(6)] is designed 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery,' the cost of which can be 'prohibitive.'") (quoting *Rutman Wine Co.*, 829

F.2d at 738).  Here, the CCAC's expansive scope is similar to that of an antitrust case in that it involves allegations encompassing 20 different parties across 7 causes of action, including the notoriously complex RICO statute.  Yet Plaintiffs fail to assert viable jurisdictional allegations against several Defendants or put any Defendant on notice of the specific wrongdoing they are alleged to have engaged in (among many other defects). The hardship Defendants will face in responding to discovery requests when the CCAC does not even notify them of the substantive allegations made against them weighs strongly in favor of a stay.  *See, e.g.*, *Lomibao v. AGC Biologics*, Dkt. No. 30, at 4, No. 25-cv-00361 (W.D. Wash. Sept. 17, 2025); *cf. Vivendi, S.A. v. T-Mobile USA, Inc.*, 2007 WL 1168819, at *2 (W.D. Wash. Apr. 18, 2007) (Robart, J.) (granting in part motion for discovery stay pending motion to dismiss for forum non conveniens because that issue "does not generally warrant detailed development of the case through discovery" and "permitting [Plaintiff] to engage in extensive discovery would pose an undue burden on . . . Defendants").

### E.    A Stay is Likely to Simplify the Case.

Even if the Court grants some but not all of Defendants' motions to dismiss and the case moves forward, "the issues are more likely to be simplified than complicated, and the Parties will have a greater understanding of the claims as they engage in discovery."  *Subspace Omega*, 2024 WL 4451404, at *2 (citation omitted); *In re Google Digit. Advert. Antitrust Litig.*, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) ("This limited stay of discovery [for several months] does not unduly prejudice Plaintiffs and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer.") (alteration in original); *see also, e.g.*, *Barton*, Dkt. No. 31, at 3 ("Even if the motion would not be completely dispositive, granting a stay of discovery may nevertheless be appropriate where resolution of the motion 'will impact the number of defendants and legal theories at issue which will in turn impact the scope of discovery.'") (quoting *Pac. Surf Designs, Inc. v. Whitewater W. Indus., Inc.*, 2021 WL 3080061,

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR

10

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1    at *2 (S.D. Cal. July 21, 2021)).  The CCAC should be  dismissed in its entirety, but even if the

2    Court does not dismiss all of Plaintiffs' claims, there is a strong likelihood that its ruling will

3    resolve the claims as to at least some parties and legal theories, such that discovery could ultimately

4    be streamlined significantly.

5          A discovery stay would also preserve judicial resources, as the Court will not need to

6    address potential discovery-related motions that may become moot.  *See Ctr. for Diagnostic*

7    *Imaging, Inc.*, 2010 WL 11682231, at *2 ("Even if the motion to dismiss does not resolve the

8    matter entirely, it could narrow the issues and obviate the need for certain discovery.").  If

9    discovery were to commence, there would inevitably be disputes about the appropriate scope of

10   discovery, including given the lack of substantive allegations of wrongdoing against many

11   Defendants, the lack of jurisdictional allegations against several Defendants, and the unavailability

12   of time barred claims.  Even the possibility of narrowing the scope of these claims before discovery

13   would save significant resources for both parties and the Court.  *See id.*

14   **IV.    CONCLUSION**

15         Because Defendants' motions to dismiss may dispose of this entire case or, at a minimum,

16   significantly streamline the parties and issues involved, and can be decided without additional

17   discovery, a stay is warranted to avoid foisting an undue burden of complex discovery on

18   Defendants.  For these reasons, Defendants respectfully request that the Court stay discovery and

19   the Initial Deadlines, pending resolution of Defendants' motions to dismiss.

20

21   Dated: February 20, 2026                    */s/ Benjamin B. Sweeney*
                                                  Benjamin Brink Sweeney (WSBA No. 63957)
22                                                COOLEY LLP
                                                  1700 Seventh Avenue, Suite 1900
23                                                Seattle, WA 98101-1355
                                                  Telephone: (206) 452-8700
24                                                Fax: (206) 452-8800
                                                  Email: bsweeney@cooley.com
25
                                                  Benedict Y. Hur *(pro hac vice)*
26                                                Aarti Reddy *(pro hac vice)*

1    Thilini Chandrasekera *(pro hac vice)*
     COOLEY LLP
2    3 Embarcadero Center, 20th Floor
     San Francisco, CA 94111
3    Telephone: (415) 693-2000
     Fax: (415) 693-2222
4    Email: areddy@cooley.com
            bhur@cooley.com
5            tchandrasekera@cooley.com

6    Michelle Rogers *(pro hac vice)*
     COOLEY LLP
7    1299 Pennsylvania Avenue, NW, Suite 700
     Washington, DC 20004-2400
8    Telephone: (202) 842-7800
     Fax: (202) 842-7899
9    Email: mrogers@cooley.com

10   Sara Victoria M. Pitt *(pro hac vice)*
     COOLEY LLP
11   355 South Grand Avenue, Suite 900
     Los Angeles, CA 90071-1560
12   Telephone: (213) 561-3250
     Fax: (213) 561-3244
13   Email: sporter@cooley.com

14   Attorneys for Defendants
     Zillow, Inc., Zillow Group, Inc., Zillow Homes,
15   Inc., Zillow Listing Services, Inc., and
     Zillow Home Loans, LLC

16

17

18   Dated: February 20, 2026         */s/ Diana Siri Breaux*
                                       Diana Siri Breaux (WSBA No. 46112)
19                                     Eva Sharf Oliver (WSBA No. 57019)
                                       SUMMIT LAW GROUP
20                                     315 Fifth Avenue South, Suite 1000
                                       Seattle, WA 98104-2682
21                                     Telephone: (206) 676-7000
                                       Facsimile: (206) 676-7001
22                                     Email: dianab@summitlaw.com,
                                       evao@summitlaw.com
23
                                       Attorneys for Defendants
24                                     GK Properties, Real Broker, LLC and
                                       Frano Team
25

26

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES                    12
CASE NO. 2:25-CV-01818-JLR

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### **Local Civil Rule 7(e)(6) and 26(c)(1) Certifications**

I certify that this memorandum contains 3763 words, in compliance with the Local Civil Rules for the Western District of Washington.

I further certify, in compliance with the Local Civil Rules, that counsel for Defendants engaged in a good faith meet and confer conference with counsel for Plaintiffs in an effort to resolve the parties' dispute without court action.  The conference occurred on February 18, 2026, via telephone, and was attended by Aarti Reddy and Sara Pitt on behalf of the Zillow Defendants, Diana S. Breaux and Eva S. Oliver, on behalf of the Real Estate Defendants, and Jerrod C. Patterson and Douglas McNamara on behalf of Plaintiffs.

/s/ Benjamin B. Sweeney
Benjamin Brink Sweeney (WSBA No. 63957)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Fax: (206) 452-8800
Email: bsweeney@cooley.com

Benedict Y. Hur *(pro hac vice)*
Aarti Reddy *(pro hac vice)*
Thilini Chandrasekera *(pro hac vice)*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
Email: areddy@cooley.com
          bhur@cooley.com
          tchandrasekera@cooley.com

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
Email: mrogers@cooley.com

**DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR**

13

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Sara Victoria M. Pitt *(pro hac vice)*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Fax: (213) 561-3244
Email: sporter@cooley.com

Attorneys for Defendants
Zillow, Inc.; Zillow Group, Inc.; Zillow Homes,
Inc.; Zillow Listing Services, Inc.; and Zillow
Home Loans, LLC

DEFTS.' MOT. TO STAY DISCOVERY
AND INITIAL CASE DEADLINES
CASE NO. 2:25-CV-01818-JLR                    14                    COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700