THE HONORABLE JAMES L. ROBART

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

| | |
|---|---|
| ALUCARD TAYLOR, ARABA ARMSTRONG, HAN ZHENG, DAVID LIAO, KAREN KING, LISA KNUDSON, EYDALIA THURSTON, KYLE SILVA, DALE KOGER, JOHN CADY, and REBECCA BRUCALIERE, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>ZILLOW, INC., ZILLOW GROUP, INC., ZILLOW HOMES, INC., and ZILLOW LISTING SERVICES, INC., Washington Corporations, ZILLOW HOME LOANS, LLC, a California Corporation, GK PROPERTIES, a Nevada Corporation, REAL BROKER, LLC, a Florida Corporation, and FRANO TEAM, a Florida Organization,<br><br>        Defendants. | Consolidated Case No. 2:25-cv-01818-JLR<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY AND INITIAL DEADLINES**<br><br>NOTE ON MOTION CALENDAR: March 6, 2026 |

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

## I.    INTRODUCTION

Plaintiffs cannot claim prejudice by a short discovery stay after they took ***months*** to settle on an operative complaint. Moreover, the relevant factors all favor a stay: the motions to dismiss may be dispositive; no discovery is needed to adjudicate those motions; and requiring Defendants to engage in extensive discovery—particularly when jurisdiction is challenged—far outweighs a short delay. Plaintiffs' Opposition fails to refute these arguments.

***First***, Plaintiffs fault Defendants for not declaring with certainty that the Court will grant its pending motions to dismiss. But Defendants cannot speak on the Court's behalf and the law does not require such a guarantee to secure a stay—Defendants need only establish that the motions "*may* be completely dispositive." Defendants have met their burden. While Plaintiffs point to the length of their pleading, this does not rehabilitate its many deficiencies, including the failure to plead their claims with particularity, sufficiently allege causation, or plead jurisdictional facts as to three Real Estate Defendants.

***Second***, the pending motion involves pure questions of law that can be decided without discovery. Plaintiffs identify no discovery they need from the Real Estate Defendants. And the only "discovery" Plaintiffs claim to need from the Zillow Defendants to refute Defendants' motions to dismiss are either publicly available or in Plaintiffs' possession, based on their own experience with the platform—and is thus already available, without discovery.

***Third***, the equities favor a stay. It would be prejudicial for the Real Estate Defendants—over whom this Court likely lacks personal jurisdiction—to be forced to conduct discovery until a ruling on the pending dispositive motions. Likewise, it would be equally prejudicial for the Zillow Defendants to participate in burdensome discovery when there are no specific allegations against several of them and the allegations against the others fall far short. Plaintiffs claim their discovery will "focus[] on core issues" in a "reasonable first phase," but the ***58*** discovery requests they already served show their true intentions. They seek information about virtually every aspect of the Zillow Defendants' business, including "[a]ll documents concerning" the "Premier Agent" and

DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES
CASE NO. 2:25-CV-01818-JLR

1

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1  "Flex program." Conversely, Plaintiffs' summary assertion that they will be prejudiced by lost

2  evidence or "fading memories" is unsupported. Defendants are complying with their preservation

3  obligations and will mitigate any prejudice to Plaintiffs by continuing to negotiate the Protective

4  Order and ESI Protocol so that if the case becomes "at issue," the parties will be prepared to

5  efficiently complete discovery.

6        For these reasons, the Court should grant Defendants' Motion to Stay.

7  **II.    ARGUMENT**

8        **A.    Plaintiffs' Own Authorities Confirm a Stay is Warranted.**

9        In arguing that a Court may "stay discovery when it is convinced that the plaintiff will be

10  unable to state a claim for relief," Plaintiffs overstate Defendants' burden. Plfs.' Opp. to Defs.'

11  Mot. to Stay Discovery ("Opp.") at 3 (citing *Wenger v. Monroe*, 282 F.3d 1068, 1077 (9th Cir.

12  2002) (finding "no error" in granting discovery stay pending resolution of motion to dismiss)).

13  Rather, as Plaintiffs' own authorities confirm, the Court has "wide discretion in controlling

14  discovery, including by staying discovery."[1] *Clark v. Whitepages, Inc.*, 2026 WL 100727, at *1

15  (W.D. Wash. Jan 14, 2026). One factor considered is whether the "pending motion *could* dispose

16  of the entire case." Opp. 2 (emphasis added); *see Clark*, 2026 WL 100727, at *4 (denying motion

17  to stay discovery where defendants "addresse[d] none of the[se] factors" "nor identifie[d] any good

18  cause beyond a generic mention of 'efficiency'").

19        And while Plaintiffs repeatedly complain that Defendants' Motion to Stay is based on

20  "speculation" that the motions to dismiss "*may*" dispose of the entire case, that argument is

21  contradicted by the very rule their cases endorse. *See* Opp. 1, 3. Courts take a "preliminary peek

22  at the merits of [a] dispositive motion" precisely to ensure that the mere fact of a pending motion

23

24  [1] Plaintiffs' other citations are inapposite. In *Gray v. First Winthrop Corp.*, 133 F.R.D 39, 40 (N.D. Cal. 1990), defendants offered only "idle speculation" and argued in "conclusory fashion" that
25  unfiled motions would succeed. And *White v. Skagit Bonded Collectors, LLC*, 2022 WL 508825, at *2 (W.D. Wash. Jan. 24, 2022), did not involve a motion to stay but a motion to extend discovery deadlines, which were premised on "speculation . . . regarding . . .pending summary judgment
26  motions."

DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES
CASE NO. 2:25-CV-01818-JLR
                    2
                                        COOLEY LLP
                                        1700 SEVENTH AVE., SUITE 1900
                                        SEATTLE, WA 98101-1355
                                        (206) 452-8700

does not result in an automatic discovery stay. *See, e.g.*, *HDT Bio Corp. v. Emcure Pharms., Ltd.*, 2022 WL 2106160, at *2 (W.D. Wash. June 10, 2022). But the standard is not so burdensome as to require the Parties, or the Court, to predict the future with certainty—it only requires that the pending motions *could* potentially be dispositive. *See Subspace Omega v. Amazon Web Servs., Inc., LLC*, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024) (no requirement to "show that the Amended Complaint has virtually no chance of surviving the Motion to Dismiss") (citation omitted). When viewed through the correct legal framework, Defendants' motions to dismiss are indeed potentially dispositive.

### B. The Length of Plaintiffs' CCAC Does Not Cure Its Infirmities.

Plaintiffs argue that they *must have* pleaded viable claims based on the sheer length of their CCAC, claiming it "sets forth, in great detail," the challenged conduct. *See* Opp. 4. Defendants do not contest that the CCAC is long—it is a 100-page complaint. Yet, nowhere in its 350+ paragraphs does the CCAC allege even basic facts tying the challenged conduct to ***an actionable violation of law***.

At the most basic level, Plaintiffs fail to allege: the who, what, where, when, and how of the alleged "fraud," including the involvement of each Defendant; a basis for personal jurisdiction over the Real Estate Defendants; a justification for their expired claims; or a causal relationship between the challenged conduct and any injury. *See* Mot. 5–7 (Dkt. No. 68). Plaintiffs' Opposition offers no answer to these threshold deficiencies. Opp. 4.

The Opposition likewise makes no serious attempt to rehabilitate the CCAC's failure to comply with Rule 9(b). While Plaintiffs baldly argue that the "extensively pled, fact-rich CCAC . . . identif[ies] the fraud, the fraudsters, and their intent," their Opposition does not (and could not) identify any *facts* alleged against any specific defendants. *See* Opp. 5; *see also* Mot. 11–12; Zillow Defs.' Mot. to Dismiss at 10–11 & n.8 (Dkt. No. 64). As with their defective pleading, the Opposition repeatedly refers to "Zillow" *generally*, despite having named eight separate

DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES
CASE NO. 2:25-CV-01818-JLR

3

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1    Defendants, as to whom Plaintiffs plead no theory of fraud whatsoever.  Opp. 3.  And Plaintiffs do

2    not refute that "the fact that the motion to dismiss involves insufficiency of the allegations under

3    Rule 9 weighs in favor of granting the [discovery] stay."  *United States v. Ctr. for Diagnostic*

4    *Imaging, Inc*., 2010 WL 11682231, at *2 (W.D. Wash. Dec. 16, 2010).[2]

5           Plaintiffs also fail to defend the CCAC's numerous claim-specific deficiencies.  They

6    contend they set forth violations of RESPA §§ 8(a) and 8(b) (only against Zillow), but ignore their

7    failure to plead statutory standing or various other elements.  Opp. 3.  And while Plaintiffs

8    summarily claim their CCAC "extensively details a RICO enterprise," they do not oppose

9    Defendants' arguments that they fail to describe a criminal enterprise or allege a single of act of

10   mail or wire fraud.  *Id.*  For this reason, Plaintiffs cannot establish jurisdiction over the Real Estate

11   Defendants through RICO's venue statute.  Opp. 3–4.  Likewise, while Plaintiffs claim the CCAC

12   "alleges aiding and abetting breach of fiduciary duty"—they ignore their failure to plead intent.

13   These deficiencies suggest that Plaintiffs' CCAC is likely to be dismissed or, at a minimum,

14   substantially narrowed.

15          **C.      The Motions to Dismiss Can Be Decided Without Additional Discovery.**

16          Plaintiffs also fail to explain why "the motion could [not] be decided without additional

17   discovery."  *Subspace Omega, LLC*, 2024 WL 4451404, at *1.  Plaintiffs inexplicably fault

18   Defendants for seeking judicial notice of publicly available disclosures—many of which feature

19   prominently in the CACC.  Opp. 4.  Plaintiffs claim they need discovery into these disclosures to

20   refute Defendants' "counterfactual spin" and establish their claims are not time barred, but this

21   argument fails. "[W]hether, when, and how these [] disclosures appeared" is verifiable from the

22   face of the documents, the disclosures Plaintiffs encountered are either publicly available or

23   already in their possession, and it is unclear how discovery ***from Defendants*** would bear on "what

24   a reasonable consumer would understand."  *Id.*

25   _____

26   [2] None of Plaintiffs' authorities denying a stay involved claims of fraud, or the considerations
     favoring a stay that such claims carry.  Opp. 3–4; *see also* Mot. 7–8.

DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES
CASE NO. 2:25-CV-01818-JLR                          4                    COOLEY LLP
                                                                         1700 SEVENTH AVE., SUITE 1900
                                                                         SEATTLE, WA 98101-1355
                                                                         (206) 452-8700

To the extent Plaintiffs oppose a stay to shore up their sparse factual allegations, that is improper—particularly as to the Real Estate Defendants, given the absence of allegations specific to them.  It is well settled that "plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it."  *Mujica v. AirScan, Inv.*, 771 F.3d 580, 593 (9th Cir. 2014). Plaintiffs also do not refute that the "clear intent of Rule 9(b) is to eliminate fraud actions in which all the facts are learned through discovery after the complaint is filed."  *U.S. ex rel. Elms v. Accenture LLP*, 341 Fed. App'x. 869, 873 (4th Cir. July 22, 2009).  Yet through serving *58* overbroad RFPs, Plaintiffs seek to do exactly that.[3]

### D.    Defendants Will Suffer the Only Harm.

Plaintiffs' claim of hardship and prejudice by a stay is entirely backwards.

#### 1.    Plaintiffs are not seeking targeted discovery.

Plaintiffs offer no reason to ensnare the Real Estate Defendants in discovery, when this Court's jurisdiction over them is in doubt.  Nor do Plaintiffs identify *any* discovery required from them—an unsurprising omission, given that the only allegations specific to those defendants involve two discrete home purchases as to which each respective buyer-Plaintiff would have received relevant records.

Plaintiffs also falsely claim Zillow will not suffer any harm in responding to discovery, because "a targeted Phase-1 exchange of core program and disclosure documents are not undue burdens."  Opp. 5.  But Plaintiffs' actual RFPs are not "targeted," and telegraph Plaintiffs' kitchen-sink approach to discovery:

- "All Documents concerning the Premier Agent program . . ."  **RFP 1**

- "All Documents concerning the Flex program…"  **RFP 2**

---

[3] *HUB Int'l N.W. LLC v Larson* was "limited in its factual scope" and specifically distinguished its holding from "cases that require prohibitive and large amounts of discovery," 2023 WL 2527150, at *4 (W.D. Wash. Mar, 15, 2023).

DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES
CASE NO. 2:25-CV-01818-JLR                    5                    COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

- "All agreements, statements of work, integration specifications, configuration guides, and data dictionaries relating to any CRM or telephony system used to manage leads, lead flow, transfers, or agent Communications" **RFP 15**

- "All Documents that Zillow has produced to any government regulator, law enforcement agency, or in any litigation . . . that relate to any of the subject matters of this action. . ." **RFP 50**

*See* Decl. of A. Reddy ("Reddy Decl."), Ex. 1.

These broad requests also seek discovery on claims likely to be excised. For example, Plaintiffs' request for "All Documents concerning legal, compliance, or risk assessments, audits, or reviews relating to RESPA Section 8(a) or (b), Regulation X…" will be mooted if the Court agrees the RESPA claim should be dismissed. *See id.* at RFP No. 43. Likewise, while Plaintiffs seek discovery regarding the "Contact Agent" feature on Zillow's website, those RFPs will be mooted if the Court agrees with Zillow that the CCAC fails to plead causation to support that theory. *See id.* at RFP No. 33; *id.* at RFP No. 37. Accordingly, responding will impose a significant and unnecessary burden on Defendants, as well as the Court.

### 2. A short stay will not prejudice Plaintiffs.

Plaintiffs' claimed harm is implausible. *First*, Defendants are not seeking a lengthy discovery stay. The motions to dismiss will be fully briefed in less than six weeks, and Defendants seek only a short stay to clarify the parties and scope of this case. *Second*, Plaintiffs' purported spoliation concerns are rank speculation; Defendants have confirmed they are complying with their preservation obligations. Reddy Decl. ¶ 1. *Third*, a brief stay will not materially prejudice the case schedule; the parties have conducted a Rule 26(f) conference and no formal case schedule has been set. Moreover, to mitigate any purported prejudice, Zillow will continue to negotiate pre-discovery matters such as the ESI Protocol and Protective Order. *See* Reddy Decl. ¶ 3. Any prejudice to Plaintiffs from a short delay in discovery would be *de minimis* and does not outweigh the prejudice to Defendants from being forced to respond to Plaintiffs' sweeping requests on soon-to-be irrelevant topics and parties.

DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES
CASE NO. 2:25-CV-01818-JLR                6                COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

**III.    CONCLUSION.**

For these reasons, Defendants request that the Court grant Defendants' Motion.

Dated: March 6, 2026

/s/ Benjamin B. Sweeney
Benjamin Brink Sweeney (WSBA No. 63957)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Fax: (206) 452-8800
Email: bsweeney@cooley.com

Benedict Y. Hur *(pro hac vice)*
Aarti Reddy *(pro hac vice)*
Thilini Chandrasekera *(pro hac vice)*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
Email: areddy@cooley.com
          bhur@cooley.com
          tchandrasekera@cooley.com

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
Email: mrogers@cooley.com

Sara Victoria M. Pitt *(pro hac vice)*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Fax: (213) 561-3244
Email: sporter@cooley.com

Attorneys for Defendants
Zillow, Inc., Zillow Group, Inc., Zillow Homes,
Inc., Zillow Listing Services, Inc., and
Zillow Home Loans, LLC

DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES
CASE NO. 2:25-CV-01818-JLR

7

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1    Dated: March 6, 2026                    */s/ Diana Siri Breaux*

2                                            Diana Siri Breaux (WSBA No. 46112)
                                             Eva Sharf Oliver (WSBA No. 57019)
3                                            SUMMIT LAW GROUP
                                             315 Fifth Avenue South, Suite 1000
4                                            Seattle, WA 98104-2682
                                             Telephone: (206) 676-7000
5                                            Facsimile: (206) 676-7001
                                             Email: dianab@summitlaw.com,
6                                            evao@summitlaw.com

7                                            Attorneys for Defendants
                                             GK Properties, Real Broker, LLC and
8                                            Frano Team

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES**                         8
**CASE NO. 2:25-CV-01818-JLR**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

1

## <u>Local Civil Rule 7(e)(6) Certification</u>

2      I certify that this memorandum contains 2,097 words, in compliance with the Local Civil

3  Rules for the Western District of Washington.

4                                              */s/ Benjamin B. Sweeney*
                                             Benjamin Brink Sweeney (WSBA No. 63957)
5                                             COOLEY LLP
                                             1700 Seventh Avenue, Suite 1900
6                                             Seattle, WA 98101-1355
                                             Telephone: (206) 452-8700
7                                             Fax: (206) 452-8800
                                             Email: bsweeney@cooley.com
8
                                             Benedict Y. Hur *(pro hac vice)*
9                                             Aarti Reddy *(pro hac vice)*
                                             Thilini Chandrasekera *(pro hac vice)*
10                                            COOLEY LLP
                                             3 Embarcadero Center, 20th Floor
11                                            San Francisco, CA 94111
                                             Telephone: (415) 693-2000
12                                            Fax: (415) 693-2222
                                             Email: areddy@cooley.com
13                                                      bhur@cooley.com
                                                      tchandrasekera@cooley.com
14
                                             Michelle Rogers *(pro hac vice)*
15                                            COOLEY LLP
                                             1299 Pennsylvania Avenue, NW, Suite 700
16                                            Washington, DC 20004-2400
                                             Telephone: (202) 842-7800
17                                            Fax: (202) 842-7899
                                             Email: mrogers@cooley.com
18
                                             Sara Victoria M. Pitt *(pro hac vice)*
19                                            COOLEY LLP
                                             355 South Grand Avenue, Suite 900
20                                            Los Angeles, CA 90071-1560
                                             Telephone: (213) 561-3250
21                                            Fax: (213) 561-3244
                                             Email: sporter@cooley.com
22
                                             Attorneys for Defendants
23                                            Zillow, Inc.; Zillow Group, Inc.; Zillow Homes,
                                             Inc.; Zillow Listing Services, Inc.; and Zillow
24                                            Home Loans, LLC

25

26

**DEFTS.' REPLY ISO MOT. TO STAY
DISCOVERY & INITIAL DEADLINES
CASE NO. 2:25-CV-01818-JLR**                            9                            COOLEY LLP
                                                                                1700 SEVENTH AVE., SUITE 1900
                                                                                SEATTLE, WA 98101-1355
                                                                                (206) 452-8700