The Honorable James L. Robart

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALUCARD TAYLOR, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ZILLOW, INC., *et al.*,<br><br>Defendants. | No. 2:25-cv-01818-JLR<br><br>**AMENDED JOINT STATUS REPORT AND DISCOVERY PLAN** |

Pursuant to Civil Local Rule 26(f), Alucard Taylor, Araba Armstrong, Han Zheng, David Liao, Karen King, Lisa Knudson, Eydalia Thurston, Kyle Silva, Dale Koger, John Cady, and Rebecca Brucaliere ("Plaintiffs") and Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., Zillow Home Loans, LLC, GK Properties, Real Broker, LLC, and Frano Team ("Defendants," and collectively with Plaintiffs, the "Parties"), by and through their undersigned counsel, hereby submit the following Amended Joint Status Report and Discovery Plan, which has been amended to correct outdated party positions inadvertently included in the version of the Joint Status Report and Discovery Plan, filed at Dkt. No. 73.

Counsel for the Parties met by teleconference on February 25, 2026, for a Rule 26(f) conference and communicated via email over the ensuing two weeks, during which they discussed the topics set forth below.

1. **Nature of and Complexity of the Cases**

Named plaintiffs ("Plaintiffs") in this case bring a putative class action ("Action") against Zillow Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc. and Zillow Home Loans, LLC ("Zillow Defendants"), and GK Properties, Real Broker, LLC, and Frano Team ("Real Estate Defendants"). Plaintiffs allege that Defendants have engaged in a fraudulent scheme to induce homebuyers to use Zillow Partner Agents for their home purchases and steer homebuyers to use Zillow Home Loans for preapproval letters. Zillow vigorously disputes these allegations. The Real Estate Defendants contest the allegations and further contend that this Court lacks personal jurisdiction over them.

Plaintiffs bring claims under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c)-(d) (against all Defendants), the Real Estate Settlement Procedures Act (RESPA), 12 US.C. 2607(a) and 12 U.S.C. § 2607(b) (against the Zillow Defendants), the Washington Consumer Protection Act, Wash. Rev. Code Ann. § 19.86.010, *et seq*. (against the Zillow Defendants), breach of fiduciary duty (against the Real Estate Defendants), aiding and abetting breach of fiduciary duty (against all Defendants), and unjust enrichment (against the Zillow Defendants). As currently framed, the numerous parties and claims are likely to raise complex issues for this Court.

2. **Deadline for Joining Additional Parties**

The Parties believe that the deadline for joining Additional Parties should be April 15, 2026 (35 days from the date on which the Parties' initial Joint Status Report and Discovery Plan was filed).

3. **Proceedings to be Conducted by Magistrate Judge**

The Parties do not consent to assign the entirety of this case to a Magistrate Judge.

4. **Discovery Plan**

   a. **Initial Disclosures**

Plaintiffs and the Zillow Defendants exchanged initial disclosures on March 11, 2026. By agreement, the Real Estate Defendants will serve their initial disclosures on March 18, 2026.

   b. **Subjects, Timing, and Potential Phasing of Discovery**

**Reservation of Rights:** The Parties agree that this joint statement of the discovery they each intend to pursue is not an admission that the other Party's or Parties' anticipated discovery is allowable under the Federal Rules of Civil Procedure. The Parties likewise agree that this joint statement is not a waiver of any objection to any specific discovery request that may be served upon a party.

*Plaintiffs' Position:*

**Discovery Sought by Plaintiffs:** Plaintiffs anticipate seeking discovery regarding: (1) the structure, operation, and enforcement of Zillow's Premier Agent and Flex programs, including compensation and referral practices; (2) the design and implementation of Zillow's consumer-facing interfaces and lead-routing systems; (3) policies, communications, and agreements concerning Zillow Home Loans and any related performance standards or metrics; (4) financial analyses and reporting relating to referral fees, commission-sharing, and mortgage integration; (5) consumer disclosures, complaints, and compliance reviews; and (6) data relevant to putative class identification and class-wide issues. Plaintiffs anticipate serving interrogatories, requests for production, and requests for admission, and taking depositions of fact witnesses and Rule 30(b)(6) designees. Plaintiffs also anticipate seeking third-party discovery, including from non-party brokerages, former employees, and other entities with relevant knowledge.

**Timing and Phasing:** The Parties currently anticipate proceeding with discovery directed toward issues relevant to class certification and the merits in parallel, consistent with the schedule set forth below. The Parties do not believe that formal bifurcation of merits and class discovery is appropriate at this time because the issues substantially overlap. However, the Parties agree to meet and confer in good faith regarding reasonable sequencing of discovery, including early production of discrete categories of non-privileged, readily accessible documents, without prejudice to either party's position regarding the ultimate scope of discovery.

On February 20, 2026, Defendants Frano Team, GK Properties, Real Broker, LLC, Zillow Group, Inc., Zillow Home Loans, LLC, Zillow Homes, Inc., Zillow, Inc., and Zillow Listing Services, Inc. filed a motion to stay discovery and initial deadlines. Dkt. No. 68. Plaintiffs oppose that motion. There is no basis to delay discovery, particularly where initial steps—such as serving

written discovery, identifying custodians, negotiating search parameters, and addressing ESI logistics—necessarily take time and can proceed efficiently while any dispositive motions are pending.

*Defendants' Position:*

**Discovery Sought by Defendants:** Defendants respectfully submit that a stay is the most appropriate and efficient course pending orders on the Zillow Defendants' and Real Estate Defendants' motions to dismiss, for the reasons outlined in their Motion to Stay. *See* Dkt. No. 68. As described in that motion, which was fully briefed as of March 6, 2026, Defendants submit that this action is likely to be dismissed in its entirety or, at a minimum, greatly narrowed. For example, multiple defendants are likely to be dismissed entirely due to this Court's lack of personal jurisdiction over them or the complete absence of any allegations tying them to the challenged conduct, and numerous claims should be dismissed due to Plaintiffs' failure to assert them within the applicable statutes of limitations period. It would be particularly unjust and inefficient for parties with strong jurisdictional defenses to be obliged to engage in an invasive and expensive discovery process prior to a likely dismissal from the case. Further, Plaintiffs have already served *58* Requests for Production spanning a broad range of topics that could be eliminated or at least drastically narrowed depending on the outcome of the Motion to Dismiss. To the extent those parties engage in any discovery practice, including discovery disputes requiring judicial resolution, the discovery at issue will create a waste of the Parties' and Court's time and resources.

Should the Court decline to stay discovery, the Zillow Defendants anticipate seeking discovery regarding: (1) communications, including contracts or other agreements, between Plaintiffs and their real estate agents and brokers, as well as with the listing agents and home seller, including with respect to any efforts to reduce their agent's commission on the sale; (2) the details and circumstances surrounding Plaintiffs' home purchases; (3) communications between Plaintiffs and any financial or lending institutions regarding the financing of Plaintiffs' home purchase; (4) Plaintiffs' financial condition and other information at the time of their home purchase that would be relevant to their eligibility for discounted mortgage programs; (5) Plaintiffs' communications with any persons regarding their interactions with Defendants; and (6) data and information related

to class wide issues such as uniformity in disclosures and putative class member experiences. Plaintiffs anticipate serving interrogatories, requests for production, and requests for admission, and taking depositions of fact witnesses and Rule 30(b)(6) designees.

Should the Court exercise jurisdiction over the Real Estate Defendants, the Real Estate Defendants would seek discovery of the two real estate transactions alleged in the CACC to have a nexus to them and the factual basis for the allegations of conspiracy and fraud with respect to those transactions.

**Timing and Phasing**: The Zillow Defendants do not object in principle to the timing and phasing proposed by Plaintiffs. The Zillow Defendants agree to meet and confer in good faith regarding reasonable sequencing of discovery, without prejudice to either party's position regarding the ultimate scope of discovery. The Real Estate Defendants contend that Plaintiffs have not identified any categories of discovery uniquely in their possession. The Real Estate Defendants further contend that Plaintiffs have not identified any legitimate need for discovery from them pending the Court's ruling on personal jurisdiction.

### c. Electronically Stored Information ("ESI")

**ESI Order.** The Parties will submit a proposed ESI protocol to the Court on or before April 20, 2026, or should the Parties fail to agree by that date, they shall file any motion for entry of such orders for this Court's consideration. The Parties have not identified any particular disputed issues about disclosure, discovery, or preservation of electronically stored information at this time.

**Preservation of Electronically Stored Information.** The Parties, their counsel, and retained experts will retain and preserve documents and things in their possession in compliance with all governing Federal Rules, Local Rules, and governing case law.

**Non-Party Documents**. Within three days of receipt of documents subpoenaed from a non-party pursuant to Rule 45, the receiving Party will provide copies of those documents to the other Party or make the documents available for inspection and copying by the other Party.

#### d. Privilege Issues

**Privilege Logs.** The Parties will exchange privilege logs on a rolling basis. The Parties will meet and confer regarding the scope and format of privilege logs, including whether categorical logging is appropriate for certain categories of documents.

#### e. Proposed Limitations on Discovery

At this time, the Parties do not propose case-specific limitations beyond those set forth in the Federal Rules of Civil Procedure and the Local Civil Rules.

#### f. Need for Discovery Related Orders

**Electronic Service.** The Parties agree that, for all service required in this lawsuit, service by electronic means on all counsel of record shall be deemed equivalent to hand delivery.

**Number of Depositions:** Given the number of parties, the nationwide scope of the alleged practices, and the multiple corporate entities and programs at issue, Plaintiffs anticipate that the default limits on depositions under Federal Rule of Civil Procedure 30(a)(2)(A) may be insufficient. At this time, Defendants do not believe that the issues in this case will justify expansion beyond the default limits—particularly assuming the case and parties are substantially narrowed following the motion to dismiss. Defendants anticipate objecting to any request for additional depositions, but will meet and confer with Plaintiffs on this issue as discovery progresses. Plaintiffs reserve the right to seek leave of Court to exceed the default limits if necessary.

### 5. Positions Regarding Items Set Forth in Local Civil Rule 26(f)(1)

#### a. Prompt Case Resolution

The Parties do not currently have any specific proposals for prompt resolution of this matter. The Parties propose the following case schedule through class certification:

| DEADLINE | PROPOSED DATES |
|---|---|
| **DEADLINE** to Join Additional Parties | April 15, 2026 |
| **DEADLINE** to file Stipulated or Contested Motions for ESI Protocols and Protective Orders | April 20, 2026 |

| | |
|---|---|
| **DEADLINE** for Substantial Completion of Document Productions on class certification as to Requests for Production served by September 18, 2026 (not to be construed as a bifurcation of discovery) | December 15, 2026 |
| **DEADLINE** for Fact Discovery related to Class Certification | March 1, 2027 |
| **DEADLINE** for Plaintiffs to File Motion for Class Certification and any Plaintiff's Expert Reports re: Class Certification. Plaintiffs shall make their experts disclosed in support of their motion for class certification available for deposition no later than April 26, 2027, unless Defendants request a later date on which Plaintiffs' expert(s) are available. | March 19, 2027 |
| **DEADLINE** for Defendant to File Opposition to Motion for Class Certification, any Defendant's Expert Reports re: Class Certification, and any *Daubert* motions re expert opinions offered in support of class certification. Defendants shall make their experts disclosed in support of their opposition to class certification available for deposition no later than July 20, 2027, unless Plaintiffs request a later date on which Defendants' expert(s) are available. | June 11, 2027 |
| **DEADLINE** for Plaintiffs to file Reply to Motion for Class Certification, any Plaintiff's Rebuttal Expert Reports re: Class Certification, and any *Daubert* motions re expert opinions offered in opposition of class certification. | July 26, 2027 |
| Hearing on Motion to Certify Class: | To be set by the Court after briefing is completed |
| The parties to meet and confer and submit proposals for any supplemental discovery, expert discovery on merits, deadline to file dispositive motions, and trial. | 30 days after the Court's ruling on class certification |

b. **Alternative Dispute Resolution**

The Parties agree that mediation may be appropriate for this case, but do not believe that a deadline to engage in alternative dispute resolution should be entered unless and until a class is

1  certified. The Parties will, however, continue to evaluate whether and when mediation would be
2  most productive as litigation progresses and will notify the Court of any formal mediation sessions.

3  **c. Related Cases**

4  The Parties note that *Dupuis v. Zillow Group, Inc.*, Case No. 3:26-cv-05049 (W.D. Wash)
5  has been marked as related to this case, but take no position as to the relation between the
6  allegations in that action and the present action.

7  **d. Discovery Management**

8  The Parties agree to exchange discovery electronically, whenever possible, to minimize
9  expense. The Parties agree to accept service of discovery requests and responses via email to all
10 counsel of record. The Parties agree that all discovery will be bates-numbered by the producing
11 Party. The Parties do not otherwise propose deviating from the Federal Rules of Civil Procedure
12 or the Local Civil Rules that pertain to discovery.

13 **e. Phasing Motions**

14 The Parties do not anticipate phasing of motions at this time, except as delineated above
15 with respect to class certification.

16 **f. Preservation of Discoverable Information**

17 The Parties do not anticipate any issues regarding the preservation of discoverable
18 information. The Parties are currently discussing issues related to the preservation of electronically
19 stored information as part of their negotiations toward reaching an agreed ESI protocol.

20 **g. Privilege Issues**

21 The Parties are not aware of any specific privilege issues at this time.

22 **h. Discoverable ESI and Model Agreement Regarding Discovery of ESI**

23 The Parties are in the process of negotiating an agreement governing the discovery of ESI,
24 including whether and to what extent the agreement should differ from the Model Protocol and
25 whether separate, less burdensome terms are warranted for the Real Estate Defendants. Should the
26 Parties be unable to reach an agreement by April 20, 2026, the Parties will submit competing
27 proposals for the Court's approval.

28

       **i.  Alternatives to Model Agreement**

The Parties are in the process of negotiating an ESI protocol, including whether and to what extent the agreement should differ from the Model Agreement.

       **j.  Date and Proposed Briefing Schedule for Motion for Class Certification**

*See* Section 5(a), above.

**6.   Date Discovery Can Be Completed**

The Parties believe that discovery necessary for briefing the motion for class certification can be completed by March 1, 2027. Any remaining discovery deadlines should be evaluated after the Court issues its ruling on any contested motion for class certification.

**7.   Bifurcation**

The Parties do not believe that this case should be bifurcated.

**8.   Pretrial Statements and Orders**

The Parties agree that the pretrial statements and a pretrial order pursuant to Local Rules CR 16(e), (h), (i), and (l), and 16.1 should be required and not dispensed with.

**9.   Other Suggestions for Shortening or Simplifying the Case**

The Parties do not intend to use the Individualized Trial Program as set forth in LCR 39.2 or the Alternative Dispute Resolution Program set forth in LCR 39.1. The Parties will, however, continue to evaluate whether to engage in other mediation efforts throughout the duration of this case.

**10.  Shortening or Simplifying the Case**

The Parties do not currently have any suggestions for shortening or simplifying the case.

**11.  Trial**

Given the complex nature of this case and Plaintiffs' intent to move for class certification, the Parties propose that the Court set a trial date after the Court's ruling on Plaintiffs' motion for class certification.

**12.  Jury or Non-Jury Trial**

Plaintiffs have requested and paid all fees required for a jury trial.

13. **Number of Trial Days**

The Parties presently anticipate 15 court days for trial.

14. **Names, Addresses, and Telephone Numbers of All Trial Counsel**

  1. **Attorneys for Plaintiff**

     a. Douglas James McNamara, 1100 New York Avenue NW, Suite 800, Washington, DC 20005, 202-408-4600;

     b. Jerrod C. Patterson, 1301 2nd Avenue, Suite 2000, Seattle, Washington 98101, 206-623-7292;

     c. Theodore J. Leopold, 11780 U.S. Highway One, Suite N500, Palm Beach Gardens, Florida 33408, 516-515-1400;

     d. Jason T. Dennett, 1200 Fifth Avenue, Suite 1700, Seattle, Washington 98101, 206-682-5600;

     e. Rebecca Luise Solomon, 1200 Fifth Avenue, Suite 1700, Seattle, Washington 98101, 206-682-5600;

     f. Steve Berman, 1301 2nd Avenue, Suite 2000, Seattle, Washington 98101, 206-623-7292;

     g. Adam J. Levitt, Ten North Dearborn Street, Sixth Floor, Chicago, Illinois 60602, 312-214-7900;

     h. Amy E. Keller, Ten North Dearborn Street, Sixth Floor, Chicago, Illinois 60602, 312-214-7900;

     i. Corban S. Rhodes, 485 Lexington Avenue, Suite 1001, New York, New York 10017, 646-933-1000;

     j. Emma Bruder, 485 Lexington Avenue, Suite 1001, New York, New York 10017, 646-933-1000.

  2. **Attorneys for Zillow Defendants**

     a. Aarti Reddy, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111, 415-693-2000;

  b. Benedict Yung Hur, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111, 415-693-2000;

  c. Michelle L. Rogers, 1299 Pennsylvania Avenue NW, Suite 700, Washington, DC 20004, 202-776-2227;

  d. Sara Victoria Pitt, 350 South Grand Avenue, Suite 3200, Los Angeles, California 90071, 213-561-6020;

  e. Thilini Chandrasekera, 3 Embarcadero Center, 20th Floor, San Francisco, California 94111, 415-693-2000;

  f. Benjamin Brink Sweeney, 1700 Seventh Avenue, Suite 1900, Seattle, Washington 98101, 206-452-8729;

 3. **Attorneys for Real Estate Defendants**

  a. Diana S. Breaux, 315 5th Avenue S., Suite 1000, Seattle, Washington 98104, 206-676-7000;

  b. Eva Sharf Oliver, 315 5th Avenue S., Suite 1000, Seattle, Washington 98104, 206-676-7000.

**15. Complications to Be Considered in Setting a Trial Date**

The Parties do not believe that there are any complications to be considered in setting a Trial Date at this time.

**16. Service of Process**

All Defendants and Respondents have been served.

**17. Pretrial FRCP 16 Conference**

The Parties do not request a pretrial FRCP 15 conference prior to entry of a scheduling order.

**18. Corporate Disclosure Statements**

- Corporate Disclosure Statements were filed by Zillow Group Inc., Zillow Inc., and Zillow Listing Services Inc. on October 15, 2025.

- A Corporate Disclosure Statement was filed by Zillow Home Loans, LLC on December 11, 2025.

- Corporate Disclosure Statements were filed by GK Properties and Frano Team on December 22, 2025.
- A Corporate Disclosure Statement was filed by Real Broker, LLC on February 18, 2026.

DATED: March 13, 2026

Respectfully submitted,

By: */s/ Steve W. Berman*
Steve W. Berman (WSBA No. 12536)
By: */s/ Jerrod C. Patterson*
Jerrod C. Patterson (WSBA No. 43325)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com
         jerrodp@hbsslaw.com

By: */s/ Adam J. Levitt*
Adam J. Levitt, *admitted pro hac vice*
Amy E. Keller, *admitted pro hac vice*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
Email: alevitt@dicellolevitt.com
         akeller@dicellolevitt.com

Corban S. Rhodes, *admitted pro hac vice*
Emma Bruder, *admitted pro hac vice*
**DICELLO LEVITT LLP**
485 Lexington Avenue, Tenth Floor
New York, New York 10017
Telephone: (646) 933-1000
Facsimile: (646) 494-9648
Email: crhodes@dicellolevitt.com
         ebruder@dicellolevitt.com

*Plaintiffs' Interim Class Counsel*

| | |
|---|---|
| 1 | Douglas J. McNamara, *admitted pro hac vice* |
| 2 | COHEN MILSTEIN SELLERS & TOLL PLLC |
| | 1100 New York Avenue NW, 8th Floor |
| 3 | Washington, DC 20005 |
| | Telephone: (202) 408-4600 |
| 4 | Email: dmcnamara@cohenmilstein.com |

Theodore J. Leopold*
COHEN MILSTEIN SELLERS & TOLL PLLC
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Email: tleopold@cohenmilstein.com

Jason T. Dennett, WSBA #30686
Rebecca L. Solomon, WSBA #51520
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Facsimile: (206) 682-2992
Email: jdennett@tousley.com
       rsolomon@tousley.com

*Pro hac vice application forthcoming

*Attorneys for Plaintiffs and the Proposed Classes*

DATED: March 13, 2026            Respectfully submitted,

/s/ Benjamin Brink Sweeney
Benjamin Brink Sweeney (WSBA No. 63957)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Fax: (206) 452-8800
Email: bsweeney@cooley.com

Benedict Y. Hur *(pro hac vice)*
Aarti Reddy *(pro hac vice)*
Thilini Chandrasekera *(pro hac vice)*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
Email: areddy@cooley.com
       bhur@cooley.com
       tchandrasekera@cooley.com

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
Email: mrogers@cooley.com

Sara Victoria M. Pitt *(pro hac vice)*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Fax: (213) 561-3244
Email: sporter@cooley.com

*Attorneys for Defendants*
*Zillow, Inc.; Zillow Group, Inc.; Zillow Homes, Inc.; Zillow Listing Services, Inc.; and Zillow Home Loans, LLC*

DATED: March 13, 2026                Respectfully submitted,

/s/ Diana Siri Breaux
Diana Siri Breaux, WSBA #46112
Eva Sharf Oliver, WSBA #57019
SUMMIT LAW GROUP, PLLC
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001
Email: dianab@summitlaw.com
         evao@summitlaw.com

*Attorneys for Defendants*
*GK Properties, Real Broker, LLC, and Frano Team*