UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALUCARD TAYLOR, et al., | CASE NO. C25-1818JLR |
| Plaintiffs, | ORDER |
| v. | |
| ZILLOW INC., et al., | |
| Defendants. | |

Before the court is Defendants'[1] motion to stay discovery and initial case deadlines.  (Mot. (Dkt. # 68); Reply (Dkt. # 70).)  Plaintiffs[2] oppose the motion.  (Resp. (Dkt. # 69).)  The court has considered the parties' submissions, the relevant portions of

---

[1] Defendants are Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., and Zillow Home Loans, LLC (collectively, "Zillow Defendants") and GK Properties, Real Broker, LLC, and Frano Team (collectively, "Real Estate Defendants") (together, "Defendants").

[2] Plaintiffs are Alucard Taylor, Araba Armstrong, Han Zheng, David Liao, Karen King, Lisa Knudson, Eydalia Thurston, Kyle Silva, Dale Koger, John Cady, and Rebecca Brucaliere (together, "Plaintiffs").

ORDER - 1

the record, and the governing law.  Being fully advised, the court GRANTS Defendants' motion.

Plaintiffs bring this proposed class action suit for injunctive relief and an award of damages in response to Defendants' alleged "predatory practices" that, according to Plaintiffs, defraud real estate buyers, increase the price of homes, and steer buyers to Zillow loans.  (*See* CCAC (Dkt. # 45) ¶¶ 4, 7-9.)  On February 20, 2026, Defendants filed motions to dismiss.  (Zillow Defs. MTD (Dkt. # 64); Real Estate Defs. MTD (Dkt. # 65).)  On the same day, Defendants moved to stay discovery and initial case deadlines[3] pending the court's resolution of the motions to dismiss.  (Mot.)  The motion to stay is now fully briefed and ripe for the court's consideration.

It is well-settled "that district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016).  This authority includes "wide discretion" over the entire discovery process, including the issuance of discovery stays. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (holding that when a court stays discovery for a reason that "furthers the goal of efficiency for the court and litigants[,]" "[s]uch rulings will not be overturned unless there is a clear abuse of discretion").  Courts in this District consider several factors in determining whether a discovery stay is warranted, including:

---

[3] Because the initial case deadlines have now passed, the court denies as moot Defendants' request to stay those deadlines.  (*See* 1/23/26 Order (Dkt. # 59) (setting deadlines); JSR (Dkt. # 73) (noting that the parties already conducted their Federal Rule of Civil Procedure 26(f) conference and exchanged initial disclosures).)

ORDER - 2

(1) whether the pending motion could dispose of the entire case; (2) whether the motion could be decided without additional discovery; (3) 'the possible damage which may result from the granting of a stay[;]'[] (4) 'the hardship or inequity which a party may suffer in being required to go forward'; and (5) 'the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.'

*Lomibao v. AGC Biologics Inc.*, No. C25-0361JHC, 2025 WL 2663178, at *1 (W.D. Wash. Sept. 17, 2025) (citation omitted).  In considering these factors, particularly the first two, courts must "take a preliminary peek at the merits of the pending motion to determine whether a stay should be granted."  *Id.* (cleaned up) (citing *Zeiger v. Hotel Cal. by the Sea LLC*, No. C21-1702TL-SKV, 2022 WL 1499670, at *2 (W.D. Wash. May 12, 2022).

Defendants argue that discovery should be stayed because (1) the pending motions may dispose of the entire case; (2) the pending motions can be decided without additional discovery; (3) no damage will result if the stay is granted; (4) a stay would avoid potentially significant hardship and inequity; and (5) a stay is likely to simplify the case. (*See generally* Mot.)  In response, Plaintiffs contend that Defendants' assertion that the pending motions may dispose of the case is speculative and argue that a stay risks prejudicing Plaintiffs by "delaying relief" and limiting access to potential evidence. (Resp. at 1.)

The court agrees with Defendants that a stay is warranted.  First, a "preliminary peek" at the merits of Defendants' motions is enough to convince the court that a favorable ruling would dispose of the entire case.  Second, because the pending motions are motions to dismiss, they "will be necessarily decided without additional discovery, as

ORDER - 3

the [c]ourt is required to accept the complaint as true." *Subspace Omega, LLC v. Amazon Web Servs., Inc.*, No. C23-1772TL, 2024 WL 4451404, at *2 (W.D. Wash. Oct. 9, 2024) (citing *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987)).

Third, the court concludes that the risk of harm to any party is minimal. The court has not set a case schedule for this matter, the case has been pending for only a few months, and a stay is likely to be brief. Furthermore, because the Real Estate Defendants contest the court's jurisdiction over them, efficiency and judicial economy will be served by knowing which parties and claims are at issue before undertaking extensive discovery. (*See, e.g.*, Reply at 1 (stating that Plaintiffs already served Defendants 58 discovery requests).)

Fourth, a stay would avoid potentially significant hardship and inequity. Proceeding with discovery may result in Defendants incurring costs related to claims or parties that are eventually dismissed. *See City of Oakland v. BP PLC*, 969 F.3d 895, 910 (9th Cir. 2020) (stating that Rule 12(b)(6) "is designed 'to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery,' the cost of which can be 'prohibitive'") (quoting *Rutman Wine Co.*, 829 F.2d at 738).

Finally, the court agrees with Defendants that a stay is likely to simplify the case. (Mot. at 10-11.) Plaintiffs' consolidated amended complaint encompasses 20 different parties across seven causes of action. (*See* CCAC.) Even if the court only grants Defendants' motions to dismiss in part, the result will be to simplify the issues and parties moving forward. *See In re Google Digital Advert. Antitrust Litig.*, No. 20-CV-03556-BLF, 2020 WL 7227159, at *3 (N.D. Cal. Dec. 8, 2020) ("This limited stay of discovery,

ORDER - 4

therefore, does not unduly prejudice Plaintiffs and allows all parties to commence discovery with a better understanding of which claims, if any, they must answer.").

For these reasons, the court GRANTS Defendants' motion to stay discovery (Dkt. # 68). Defendants' deadlines to respond to any discovery requests served prior to the entry of this order and all other discovery in this action are STAYED. The stay will automatically lift upon the court's entry of an order or orders denying Defendants' motions to dismiss (Dkt. ## 64, 67) in whole or in part, except that Defendants' deadline to respond to any discovery served prior to the entry of this order is stayed for an additional 30 days.

Dated this 23rd day of March, 2026.

_____
JAMES L. ROBART
United States District Judge

ORDER - 5