The Honorable James L. Robart

**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE**

| | |
|---|---|
| ALUCARD TAYLOR, *et al.*, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ZILLOW, INC., *et al.*,<br><br>Defendants. | Case No. 2:25-cv-01818-JLR<br><br>**PLAINTIFFS' OPPOSITION TO ZILLOW DEFENDANTS' REQUEST FOR JUDICIAL NOTICE** |

PLS.' OPP. TO ZILLOW DEFS.'
REQUEST FOR JUDICIAL NOTICE - 1
CASE NO.: 2:25-CV-01818-JLR
011313-11/3505902 V2



DICELLO LEVITT
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

**TABLE OF CONTENTS**

**Page**

I.      INTRODUCTION ...............................................................................................................1

II.     FACTUAL BACKGROUND ...........................................................................................2

III.    ARGUMENT .....................................................................................................................2

      A.      Judicial notice and incorporation-by-reference cannot be used to establish constructive notice or contract formation ..............................................2

      B.      Zillow has not reliably established authenticity; its attorney declaration is insufficient, particularly for third-party archived content .............................................................................................................................4

IV.     CONCLUSION ..................................................................................................5





DICELLO LEVITT
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

## I.    INTRODUCTION

The Ninth Circuit has warned against "[t]he overuse and improper application of judicial notice and the incorporation-by-reference doctrine," which "can lead to unintended and harmful results" due to the "risks [of] premature dismissals of plausible claims that may turn out to be valid after discovery." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

Zillow engages in precisely the type of overreach that the Ninth Circuit warns against in its request for the Court to take judicial notice and apply incorporation-by-reference to a package of screenshots, archived "Terms of Use," and ancillary documents to establish merits propositions that are squarely in dispute: namely, that Plaintiffs had constructive notice of Zillow's terms and that a binding contract was formed incorporating those terms. Zillow's Motion to Dismiss relies on these exhibits to argue that "*Plaintiffs were informed* they were *consenting* to contact from Zillow" (Mot. at 5), that "*Plaintiffs agreed* to Zillow's Terms of Use" authorizing referrals and payments to Zillow (Mot. at 6), and that touring and affiliated-disclosure materials negate Plaintiffs' theories by demonstrating *disclosures* and *assent* (Mot. at 7).

Separately, Zillow has not laid a proper foundation for authenticity that is the *sine qua non* of judicial notice. The declaration submitted in support of its request is at least three degrees removed from the underlying evidence, and even taking the declaration at face value, it still fails to establish what it purports to be.  Rather than submit sworn testimony from a knowledgeable Zillow custodian or a witness from the Internet Archive or the third-party host, Zillow relies on an attorney declaration—by counsel who did not even capture certain exhibits—offering hearsay conclusions about what the materials purportedly show.  Moreover, because websites constantly change in content and appearance (both over time and depending on how the content is accessed (desktop/mobile/browser), Zillow has not established that the webpages are even the same as the ones that Plaintiffs hypothetically would have accessed.

Zillow's request for judicial notice should be denied.



**DICELLO LEVITT**
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

## II.    FACTUAL BACKGROUND

Zillow's request seeks judicial notice of seven exhibits attached to the declaration of one of its attorneys, Aarti Reddy, namely: (1) a "Contact Agent" pop-out screenshot purportedly captured on February 12, 2026; (2)-(5) four iterations of Zillow's Terms of Use obtained from the Internet Archive's "Wayback Machine"; (6) a Zillow Touring Agreement for Oregon; and (7) an Affiliated Business Arrangement Disclosure.

Zillow asserts these are publicly available webpages and says they are offered "to demonstrate their existence, rather than the truth of the matters stated therein," while also arguing that Exhibits 1, 5, and 6 are incorporated by reference because the CCAC references them and they purportedly form the basis of Plaintiffs' claims

Zillow relies on an attorney declaration to sponsor the exhibits, including screen captures from the "Wayback Machine" and a screenshot that counsel states was "accessed and saved on February 12, 2026," and does not provide a declaration from any knowledgeable Zillow custodian or from the third-party archiver or host of those materials.

## III.    ARGUMENT

### A.    Judicial notice and incorporation-by-reference cannot be used to establish constructive notice or contract formation.

Under Ninth Circuit law, while a court may take judicial notice of a publicly available document for the limited purpose of establishing that certain statements appeared on a website—and may consider incorporated documents to prevent selective omissions—neither doctrine permits a defendant to use extrinsic materials to adjudicate contested factual questions about what a plaintiff knew, agreed to, or was bound by.  *Khoja*, 899 F.3d 988; *see also U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1383 (C.D. Cal. 2014) (declining to take judicial notice of documents on defendant's website), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017).  While paying lip service to this limitation and claiming that they are only "offered to demonstrate their existence, rather than the truth of the matters stated therein" (RJN at 2), Zillow's Motion to Dismiss goes far beyond that very limited scope.



DICELLO LEVITT
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

Zillow argues that Exhibit 1 is "a representative sample screenshot" of a standard pop-out and that the specific language presented in Exhibits 2–5 "were in effect as of the dates each Plaintiff alleges having closed." Zillow then urges the Court to consider these materials to defeat Plaintiffs' allegations about misleading "Contact Agent" flows and find that Plaintiffs were on notice as a matter of law and agreed to those terms. But whether any particular Plaintiff actually encountered the pop-out content, saw the tool-tip definitions, accessed the site on the same device type, navigated the same flow, or assented to the specific version of terms are quintessential fact questions unsuited to resolution via judicial notice or incorporation. The request asks the Court to infer constructive notice and contract formation from contested platform materials and archived pages—precisely the inferential leaps that Ninth Circuit law forbids in the dismissal motion context.

Nor are such inferences permitted under the narrow, "incorporation by reference" doctrine. The Ninth Circuit explained in *Khoja*:

> [U]nlike judicial notice, a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006) (quoting *Ritchie*, 342 F.3d at 908). While this is generally true, **it is improper to assume the truth of an incorporated document if such assumptions only serve to dispute facts stated in a well-pleaded complaint**. This admonition is, of course, consistent with the prohibition against resolving factual disputes at the pleading stage.

899 F.3d at 1003 (second alteration in original).

Here, Zillow asserts that "[e]ach Plaintiff who used the 'Contact Agent' or 'Request a Tour' tool also agreed to Zillow's Terms of Use ('TOU'), which disclosed" various conditions (Mot. at 6), relying directly on the Reddy Declaration exhibits as *de facto* proof of contract formation. But this is precisely what *Khoja* prohibits: using an extrinsic document (even one incorporated by reference) as a vehicle to establish facts beyond the four corners of the document, including whether a valid contract was formed.

Accordingly, even if the Court were to take notice of the existence of certain webpages, it should expressly decline to take notice for the purposes Zillow seeks—constructive notice and



DICELLO LEVITT
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

contract formation—and should refrain from drawing merits inferences from these materials at the pleading stage.

**B.     Zillow has not reliably established authenticity; its attorney declaration is insufficient, particularly for third-party archived content**

Zillow bears the burden to show the exhibits are accurate representations of what they are purported to be.  The most basic showing that Zillow must make is that the fact Zillow seeks judicial notice of is "not subject to reasonable dispute." Fed. R. Evid. 201(b); *see also Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (permitting incorporation only of documents "'whose contents are alleged in a complaint and whose authenticity no party questions'" (citation omitted)). It has not met that burden.

Importantly, here, Zillow goes far beyond making the simple claim that these documents are the documents that are located at their referenced URL addresses.  Instead, Zillow claims that these are the actual documents that each of the Plaintiffs actually saw when they navigated Zillow's website, across dozens of disparate points in time, using unspecified devices and browsers.  Zillow has not even made a facially credible attempt to establish anything of the sort.

First, where documents are sourced from a third-party archiver (e.g., the Wayback Machine) or hosted by a third-party site, reliability and authenticity typically require competent evidence from a knowledgeable witness—such as a custodian from Zillow with personal knowledge of publication history, or a declarant from the archiver who can attest to capture processes, timestamps, and integrity. *See In re Homestore.com, Inc. Sec. Litig.*, 347 F. Supp. 2d 769, 782-83 (C.D. Cal. 2004) (holding website printouts inadmissible where supported only by attorney declaration and requiring authentication through a knowledgeable witness, such as a website custodian).  Zillow submitted neither.

Instead, Zillow relies solely on an attorney declaration and lack of personal knowledge. Zillow relies on an attorney declaration, not from a percipient witness at Zillow, and not even from the attorney who actually performed the website review in certain instances, to assert that the exhibits are "true and correct" and depict what users would have seen. That is not a foundation; it is attorney

PLS.' OPP. TO ZILLOW DEFS.'
REQUEST FOR JUDICIAL NOTICE - 4
CASE NO.: 2:25-CV-01818-JLR
011313-11/3505902 V2



**DICELLO LEVITT**
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

say-so. The declaration does not authenticate server logs, internal versioning, deployment records, A/B variants, device-specific renders, or whether the archived pages match what Plaintiffs actually encountered during the relevant periods.

Second, the "Contact Agent" flow can vary across listings, markets, devices, user states, and time. A single "representative sample" screenshot captured in 2026 cannot authenticate what any Plaintiff saw in earlier years or on different platforms. Without a knowledgeable product witness and supporting technical records, Zillow has not shown these exhibits are accurate, complete, and representative of the user experience relevant to Plaintiffs' claims.

These are precisely the kinds of issues that parties typically explore in discovery. Given these deficiencies, the Court should decline judicial notice and refuse to rely on these materials for any disputed proposition. At minimum, the Court should disregard Exhibits 1–7 for purposes of establishing constructive notice or assent and should strike any reliance on them beyond acknowledging bare existence of publicly accessible pages.

## IV.    CONCLUSION

For all the above reasons, Plaintiffs respectfully request that the Court deny Defendants' Request for Judicial Notice.

PLS.' OPP. TO ZILLOW DEFS.'
REQUEST FOR JUDICIAL NOTICE - 5
CASE NO.: 2:25-CV-01818-JLR
011313-11/3505902 V2



**DICELLO LEVITT**
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

I hereby certify that this memorandum contains 1,572 words in accordance with the Local Civil Rules.

DATED this 27th day of March, 2025.

Respectfully submitted,

**HAGENS BERMAN SOBOL SHAPIRO LLP**

By: */s/ Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By: */s/ Jerrod C. Patterson*
    Jerrod C. Patterson (WSBA No. 43325)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com
    jerrodp@hbsslaw.com

By: */s/ Adam J. Levitt*
    Adam J. Levitt, *admitted pro hac vice*
Amy E. Keller, *admitted pro hac vice*
**DICELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
Email: alevitt@dicellolevitt.com
    akeller@dicellolevitt.com

Corban S. Rhodes, *admitted pro hac vice*
Emma Bruder, *admitted pro hac vice*
**DICELLO LEVITT LLP**
485 Lexington Avenue, Tenth Floor
New York, New York 10017
Telephone: (646) 933-1000
Email: crhodes@dicellolevitt.com
    ebruder@dicellolevitt.com

*Plaintiffs' Interim Class Counsel*

PLS.' OPP. TO ZILLOW DEFS.'
REQUEST FOR JUDICIAL NOTICE - 6
CASE NO.: 2:25-CV-01818-JLR
011313-11/3505902 V2



DICELLO LEVITT
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

Douglas J. McNamara, *admitted pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Email: dmcnamara@cohenmilstein.com

Theodore J. Leopold*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Email: tleopold@cohenmilstein.com

Jason T. Dennett, WSBA #30686
Rebecca L. Solomon, WSBA #51520
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Email: jdennett@tousley.com
        rsolomon@tousley.com

*\*Pro hac vice* application forthcoming

*Attorneys for Plaintiffs and the Proposed Classes*

PLS.' OPP. TO ZILLOW DEFS.'
REQUEST FOR JUDICIAL NOTICE - 7
CASE NO.: 2:25-CV-01818-JLR
011313-11/3505902 V2



DICELLO LEVITT
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on March 27, 2026. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.

Dated: March 27, 2026

/s/ *Steve W. Berman*
Steve W. Berman

PLS.' OPP. TO ZILLOW DEFS.'
REQUEST FOR JUDICIAL NOTICE - 8
CASE NO.: 2:25-CV-01818-JLR
011313-11/3505902 V2



**DICELLO LEVITT**
10 N Dearborn Street
Sixth Floor
Chicago, Illinois 60602
P: 312.214.7900



1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE   (206) 623-0594 FAX