The Honorable James L. Robart

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

| | |
|---|---|
| ALUCARD TAYLOR, *et al.,* individually and on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Plaintiffs,<br><br>　v.<br><br>ZILLOW, INC., *et al.*,<br><br>　　　　　　　　　Defendants. | Case No. 2:25-cv-01818-JLR<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS REAL BROKER, LLC AND FRANO TEAM'S MOTION TO COMPEL ARBITRATION**<br><br>NOTE ON MOTION CALENDAR:<br>April 13, 2026 |

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL ARBITRATION
Case No. 2:25-cv-01818-JLR
011313-11/3528664 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## I.    INTRODUCTION

Defendants Real Broker, LLC and Frano Team's motion to compel the arbitration of Plaintiff John Cady's claims fails basic precepts of contract law under Florida law.  First—although not referenced in the motion—neither Defendant is a party to the contract. The only signatories are Plaintiff Cady and real estate agent Emily LaPlante, and Ms. LaPlante's signature does not confer arbitration enforcement rights on the Defendants. *See Ya Mon Expeditions, LLC v. Int'l Yacht Broker's Assoc., Inc.*, 2025 WL 242925, at *2 (S.D. Fla. Jan. 9, 2025) ("Florida courts and the Eleventh Circuit, in applying Florida law, have consistently held that a broker cannot compel arbitration based on an arbitration agreement contained in a real estate purchase agreement to which they are not a party.").

Second, Defendants have no right to move for arbitration because they failed to comply with the mediation clause, which is a condition precedent to arbitration. *See* ECF 78, Defendants' Motion to Compel Arbitration ("Mot.") at 5 (disputes arising out of the Agreement "will be settled by first attempting mediation"). Defendants have conspicuously made no attempt to meet this provision and lack the authority to move to compel. *See Kemiron Atl., Inc. v. Aguakem Int'l Inc.*, 290 F.3d 1287, 1291 (11th Cir. 2002) (failure to meet the mediation condition means "the arbitration provision has not been activated and the FAA does not apply").

Third, the temporal scope of the arbitration document is strictly limited to an 11-week window (August 12, 2025, to October 31, 2025).  *See* Mot. Ex. A at 1. But Plaintiffs clearly allege ongoing conduct related to the steering scheme that pre- and post-dates this window of time. *See* ECF 45, Consolidated Class Action Complaint ("CCAC") ¶¶ 28, 66, 144, 181. Once again, Defendants lack authority to enforce an arbitration clause where the temporal limits do not cover the conduct at issue. *See Klay v. Pacificare Health Sys.*, 389 F.3d 1191, 1203 (11th Cir. 2004) ("[W]e cannot compel arbitration for disputes which arose during time periods in which no effective contract requiring arbitration was governing the parties.").

Defendants' motion elides all three of these issues.  They have no authority to enforce the arbitration agreement, and their motion to compel arbitration should be denied.

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL ARBITRATION – 1
Case No. 2:25-cv-01818-JLR
011313-11/3528664 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

## II.    ARGUMENT

### A.    Legal Standard

Plaintiffs agree that Florida law applies to the purported arbitration agreement. *See* Mot. at 5. When considering a motion to compel arbitration, "a summary judgment-like standard is appropriate." *Rodriguez v. NCL (Bahamas) Ltd.*, 2025 WL 472427, at \*2 (S.D. Fla. Feb.12, 2025) (quoting *Bazemore v. Jefferson Cap. Sys., LLC*, 827 F.3d 1325, 1333 (11th Cir. 2016)). A court "may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if 'there is no genuine dispute as to any material fact' concerning the formation of such an agreement." *Id.* (citations omitted). "A factual dispute is 'material' if it would affect the outcome of the suit under the governing law, and 'genuine' if a reasonable trier of fact could return judgment for the non-moving party." *Id.* (quoting *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008)).

### B.    Defendants Real Broker, LLC and Frano Team are not parties to the arbitration agreement.

Defendants do not address the baseline question posed by their motion, which is whether the signature of the real estate agent, Emily LaPlante, binds either entity. It does not: under Florida law, an agent's signature does not bind the broker absent the broker's express consent. *See Ya Mon Expeditions, LLC*, 2025 WL 242925, at \*2 ("Florida courts and the Eleventh Circuit, in applying Florida law, have consistently held that a broker cannot compel arbitration based on an arbitration agreement contained in a real estate purchase agreement to which they are not a party." (citing *Peters v. The Keyes Co.*, 402 F. App'x 448, 450, 451 (11th Cir. 2010))). "Non-parties to a contract containing an arbitration clause cannot compel parties to a contract to arbitrate unless it is determined that they are a third party beneficiary to the contract." *Peters*, 402 F. App'x at 451.[1]

---

[1] Defendants have waived any argument that they are third-party beneficiaries. In any event, the third-party beneficiary doctrine may only be invoked where there is "clear intent" that "the direct and primary object of the contracting parties was to confer a benefit on the third party." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 982 (11th Cir. 2005); *see also Rodriguez*, 2025 WL 472427, at \*6 (denying motion to compel arbitration when principal was not signatory to arbitration agreement, despite references to principal in agreement); *see also id.* ("[T]he contracting parties' knowledge that the contract will ultimately benefit an identifiable third party is insufficient to transform the third party into an 'intended' third-party beneficiary." (citation omitted)).

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Emily LaPlante alone signed the document, and Defendants Real Broker, LLC and Frano Team are not parties to the agreement. Defendants accordingly lack standing to move to arbitrate Plaintiff Cady's claims. *See Giles v. Big Bend Cmty. Based Care, Inc.*, 2014 WL 12768907, at *1 (N.D. Fla. Oct. 2, 2014) (plaintiff lacked standing to enforce terms of contract because plaintiff was not signatory to contract).

**C.     Defendants failed to meet the condition precedent to trigger the arbitration clause.**

By its plain terms, mediation is a condition precedent before the arbitration clause is triggered.  According to the agreement, disputes arising out of the agreement "**will be settled by first attempting mediation** under the rules of the American Arbitration Association . . . [and] disputes [arising out of the agreement] not resolved by mediation will be settled by neutral binding arbitration . . . ."  See Mot. at 5 (emphasis added). No party has attempted to resolve this matter through mediation, and so the arbitration clause is not triggered.

Defendants' motion to arbitrate must accordingly be denied. *See Kemiron Atl., Inc. v. Aguakem Int'l Inc.*, 290 F.3d 1287 (11th Cir. 2002). In *Kemiron*, a contract (governed by Florida law[2]) between a buyer and seller specified that any dispute "shall be mediated" by the parties, and the parties "agree to use their best efforts to mediate a dispute." *Id.* at 1289. But "[i]n the event that the dispute cannot be settled through mediation, the parties shall submit the matter to arbitration . . . ." *Id.*  The Florida district court denied the motion to stay arbitration, and the Eleventh Circuit affirmed. The appellate court noted that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *Id.* (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986)). More pointedly, "the intent of the contracting parties is paramount and can trump the FAA's policy in favor of arbitration." *Id.* (citing *Mastrobuono v. Shearson Lehman Hutton*, 514 U.S. 52, 57 (1995)). The Eleventh Circuit held that "neither party met the first condition required to invoke the arbitration clause," and in that light, "the arbitration provision has not been activated and the FAA does not apply." *Id.* at 1291; *see*

---

[2] Although not specified by the Eleventh Circuit, the agreement contained a Florida choice of law provision. *See Kemiron Atl. v. Aguakem Int'l, Inc.*, No. 8:01-cv-00926 (M.D. Fla. May 14, 2001), ECF No. 1, Compl. Ex. A, p. 7.

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL ARBITRATION – 3
Case No. 2:25-cv-01818-JLR
011313-11/3528664 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

*also Pictet Overseas Inc. v. Helvetia Tr.*, 905 F.3d 1183 (11th Cir. 2018) (affirming enjoinment of arbitration when topic fell outside FINRA arbitration rules, and quoting *Kemiron*'s language that the "intent of the contracting parties is paramount and can trump the FAA's policy in favor of arbitration" (citing *Kemiron*, 290 F.3d at 1290)).

Courts faced with similar fact patterns routinely reach the same result. *See, e.g.*, *United States v. Gulf Region Radiation Oncology Ctrs., Inc.*, 2013 WL 12328938, at *3 (N.D. Fla. Jan. 30, 2013) (denying motion to compel arbitration when defendant failed to initiate mediation, which was a condition precedent to arbitration (citing *Kemiron*)); *HIM Portland, LLC v. Devito Builders, Inc.*, 317 F.3d 41, 44 (1st Cir. 2003) (affirming denial of motion to compel arbitration when "[u]nder the plain language of the contract, the arbitration provision of the agreement is not triggered until one of the parties requests mediation" (citing and relying on *Kemiron*)). As *HIM Portland* summarized, "[w]here contracting parties condition an arbitration agreement upon the satisfaction of some condition precedent, the failure to satisfy the specified condition will preclude the parties from compelling arbitration and staying proceedings under the FAA." *Id.*; *see also Mostowfi v. I2 Telecom Int'l, Inc.*, 2004 WL 7338797, at *4 (N.D. Cal. May 27, 2004) (denying motion to arbitrate based on mediation clause and noting "[s]everal federal appellate courts have held that, when the terms of the arbitration agreement include submission of the dispute to mediation as a condition precedent, then the court should not compel arbitration when the parties have failed to mediate the dispute."); *Synopsys, Inc. v. Siemens Indus. Software Inc.*, 2021 WL 1238309, at *4 (N.D. Cal. Apr. 2, 2021) (denying motion to compel arbitration based on mediation clause and citing *HIM Portland*, *Kemiron*, and *Mostowfi*).

Here, there is no showing of any sort that either party initiated or completed mediation, and the Defendants accordingly have no basis to move to compel arbitration.

**D.    Plaintiff Cady's claims arise out of conduct outside the agreement's time window.**

Pursuant to its terms, "[t]his agreement will begin on the **12th day of August, 2025** and will terminate at 11:59 p.m. on the **31st day of October, 2025**." *See* Mot. Ex. A at 1 (emphasis added). Any conduct that occurred outside of this window is not covered by the agreement. *See Klay*, 389 F.3d at 1191. In *Klay*, defendants argued that plaintiffs should be compelled to arbitrate all claims

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL ARBITRATION – 4
Case No. 2:25-cv-01818-JLR
011313-11/3528664 V1

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

pursuit to an authorized arbitration agreement, including those outside the temporal terms of the agreement. The Eleventh Circuit disagreed, holding that "arbitration is strictly a matter of contract" and thus "we cannot compel arbitration for disputes which arose during time periods in which no effective contract requiring arbitration was governing the parties." *Id.* at 1203; *see also Brandon, Jones, Sandal, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349, 1358 (11th Cir. 2002) ("[W]e will compel no arbitration of issues that are outside an agreement to arbitrate.").

Here, the allegations span far beyond this narrow time frame. The CCAC alleges that the integration of the Zillow-Affiliated Agents into the steering scheme began at least as early as 2022, when it "require[ed] Participating Agents to meet specific ZHL pre-approval quotas as a condition for maintaining access to these high-value leads." CCAC ¶ 66; *see also id.* at ¶ 144 ("According to CA5, beginning in 2022, Zillow has been adamant that agents should send leads to Zillow Home Loans."); *id.* at ¶ 181 ("According to LO2, since 2022, Zillow has been requiring agents to steer clients to Zillow loan officers, and steering customers away from loan officers (like LO2) with proven track records and a history of success in closing real estate deals."). The expectations and policies related to steering were well in place before the time period of the agreement.

The specific conduct related to Plaintiff Cady also pre-dated the agreement. Prior to the date of the agreement, Plaintiff Cady "clicked on the 'Contact Agent' button, with the intent of contacting the seller's agent directly. He wanted to contact the seller's agent directly to avoid paying buyer agent commissions, which would reduce the overall price he would pay." CCAC ¶ 28. As a result, the initial acts of deception—which were committed in furtherance of the RICO scheme—occurred before Plaintiff Cady ever signed the agreement.

The time frame also includes conduct after this window. After Plaintiffs filed an Amended Class Action Complaint in this case (adding claims against the Realtor Defendants), on December 4, 2025, Zillow released a statement from Zuhairah Washington, its Senior Vice President and General Manager of Zillow Preferred, addressed to its "Zillow Preferred Partners" to assure them that "we value your partnership deeply, and we're committed to navigating this moment and whatever comes next—together." CCAC ¶ 195.

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL ARBITRATION – 5
Case No. 2:25-cv-01818-JLR
011313-11/3528664 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

In an accompanying video, Ms. Washington stated "we've already connected with the name partners and will be supporting them through this process. ***And for any partner who is named in either of these suits, we plan to enter into a joint defense agreement***. We will vigorously defend against these claims." CCAC ¶ 196. In closing, Ms. Washington stated "Thank you for your continued partnership." *Id*. In other words, Zillow is attempting to buy the acquiescence of Defendants so that they stay on the same page and do not threaten Zillow's business model. Further proof that this message was received and accepted comes from the Defendants' counsel, who are represented by the same law firm (despite the possibility of conflict among the Defendants). *Id*. These acts are in furtherance of the conspiracy and fall outside the time period of the agreement. *See United States v. Siegelman*, 640 F.3d 1159, 1181 (11th Cir. 2011) ("Statements between conspirators which provide reassurance, serve to maintain trust and cohesiveness among them, or inform each other of the current status of the conspiracy further the ends of the conspiracy." (citation omitted)); *United States v. Griggs*, 735 F.2d 1318 (11th Cir. 1984) (statement from co-conspirator to "lay low" for a while admissible when "'statements made solely to aid the concealment are in fact made during and in furtherance of the charged conspiracy'" (citation omitted)); *United States v. Dorsey*, 2009 WL 959324 (W.D. Wash. Apr. 6, 2009) ("'A conspiracy and its cover-up are parts of common plan.' . . . [P]roof of witness tampering both constitutes and depends upon proof of the conspiracy to be concealed." (citation omitted)).

Hence, under Florida law, as the party seeking to compel arbitration, Defendants have failed to meet their burden of establishing that the conduct at issue falls within the clear terms of the arbitration agreement.

## III.    CONCLUSION

Defendants have no authority to enforce an arbitration agreement that they did not sign. They also failed to satisfy the mediation clause, or establish that the conduct falls within the arbitration clause's terms. Defendants' motion to compel arbitration should be denied.

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL ARBITRATION – 6
Case No. 2:25-cv-01818-JLR
011313-11/3528664 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

I certify that this memorandum contains 2,370 words, in compliance with the Local Civil Rules.

DATED this 6th day of April, 2026.

Respectfully submitted,

By: */s/ Steve W. Berman*
    Steve W. Berman (WSBA No. 12536)
By: */s/ Jerrod C. Patterson*
    Jerrod C. Patterson (WSBA No. 43325)
**HAGENS BERMAN SOBOL SHAPIRO LLP**
1301 Second Avenue, Suite 2000
Seattle, Washington 98101
Telephone: (206) 623-7292
Email: steve@hbsslaw.com
       jerrodp@hbsslaw.com

By: */s/ Adam J. Levitt*
    Adam J. Levitt, *admitted pro hac vice*
Amy E. Keller, *admitted pro hac vice*
**DiCELLO LEVITT LLP**
Ten North Dearborn Street, Sixth Floor
Chicago, Illinois 60602
Telephone: (312) 214-7900
Email: alevitt@dicellolevitt.com
       akeller@dicellolevitt.com

Corban S. Rhodes, *admitted pro hac vice*
Emma Bruder, *admitted pro hac vice*
**DiCELLO LEVITT LLP**
485 Lexington Avenue, Tenth Floor
New York, New York 10017
Telephone: (646) 933-1000
Email: crhodes@dicellolevitt.com
       ebruder@dicellolevitt.com

*Plaintiffs' Interim Class Counsel*

Douglas J. McNamara, *admitted pro hac vice*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
1100 New York Avenue NW, 8th Floor
Washington, DC 20005
Telephone: (202) 408-4600
Email: dmcnamara@cohenmilstein.com

**HAGENS BERMAN**
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

Theodore J. Leopold*
**COHEN MILSTEIN SELLERS & TOLL PLLC**
11780 U.S. Highway One, Suite N500
Palm Beach Gardens, FL 33408
Telephone: (561) 515-1400
Email: tleopold@cohenmilstein.com

Jason T. Dennett, WSBA #30686
Rebecca L. Solomon, WSBA #51520
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: (206) 682-5600
Email: jdennett@tousley.com
            rsolomon@tousley.com

*Pro hac vice application forthcoming

*Attorneys for Plaintiffs and the Proposed Classes*

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL ARBITRATION – 8
Case No. 2:25-cv-01818-JLR
011313-11/3528664 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing was filed electronically via the Court's ECF system, on April 6, 2026. Notice of electronic filing will be sent to all parties by operation of the Court's electronic filing system.


Dated:  April 6, 2026                    /s/ *Steve W. Berman*
                                          Steve W. Berman

PLAINTIFFS' OPPOSITION TO MOTION TO COMPEL ARBITRATION – 9
Case No. 2:25-cv-01818-JLR
011313-11/3528664 V1

HAGENS BERMAN
1301 Second Avenue, Suite 2000, Seattle, WA 98101
(206) 623-7292 OFFICE (206) 623-0594 FAX