The Honorable James L. Robart

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALUCARD TAYLOR, ARABA ARMSTRONG, HAN ZHENG, DAVID LIAO, KAREN KING, LISA KNUDSON, EYDALIA THURSTON, KYLE SILVA, DALE KOGER, JOHN CADY, and REBECCA BRUCALIERE, individually and on behalf of all others similarly situated,

                    Plaintiffs,

          v.

ZILLOW, INC., ZILLOW GROUP, INC., ZILLOW HOMES, INC., and ZILLOW LISTING SERVICES, INC., Washington Corporations, ZILLOW HOME LOANS, LLC, a California Corporation, WORKS INDUSTRIES, LLC, an Oregon Corporation, GK PROPERTIES, a Nevada Corporation, REAL BROKER, LLC, a Florida Corporation, and FRANO TEAM, a Florida Organization,

                    Defendants.

CASE NO. 2:25-cv-01818-JLR

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER, LLC AND FRANO TEAM'S MOTION TO COMPEL ARBITRATION

NOTE ON MOTION CALENDAR: APRIL 13, 2026

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER, LLC AND FRANO TEAM'S MOTION TO COMPEL ARBITRATION
CASE NO. 2:25-cv-01818-JLR

**Table of Contents**

I.     INTRODUCTION ................................................................................................... 1

II.    ARGUMENT ......................................................................................................... 1

    A.    Real Broker LLC Is a Party to the Agreement.......................................... 2

    B.    As "Part of" Real Broker, Frano Team Can Enforce Cady's Obligation to
        Arbitrate Claims Arising from His Home Purchase. ................................ 2

    C.    Florida Law Does Not Let Plaintiffs Avoid Arbitration by Suing Instead of
        Mediating. .................................................................................................. 3

    D.    Plaintiffs' Scope Argument Is a Question for the Arbitrator. ................... 5

III.   CONCLUSION ...................................................................................................... 7

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER,
LLC AND FRANO TEAM'S MOTION TO COMPEL
ARBITRATION- i
CASE NO. 2:25-cv-01818-JLR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

## I.   INTRODUCTION

Plaintiffs' sole hook for sweeping Real Broker and Frano Team into this case is Mr. Cady's purchase of a Florida home using a Real Broker agent. As established in the Cady Defendants' moving brief, the contract Mr. Cady entered into with Real Broker requires him to arbitrate his claims and that obligation is enforceable under applicable law.

Plaintiffs' opposition ignores the contract language and *every* binding case the Cady Defendants cite. Instead, Plaintiffs attempt to evade Mr. Cady's obligation to arbitrate through specious arguments *already* defeated by the Cady Defendants' motion. The moving brief (1) recites the Agreement's words defining Real Broker as a "Party"; (2) explains the settled Florida law principles by which Frano Team can enforce the Agreement; (3) shows that Florida law assigns questions about "whether a condition precedent to arbitrability has been fulfilled" to the arbitrator; and (4) shows that, by incorporating the AAA rules, the parties delegated to the arbitrator questions about the arbitrability of specific claims, including whether they fall within the time period covered by the Agreement.

Without daylight for a substantive argument, Plaintiffs resort to their well-trod strategy of deflection. After reciting allegations of "steering" and "deception" that have no nexus to the Cady Defendants and are contrary to the few specific facts Cady alleges about his home purchase, they manage to stray even further from the merits by claiming that the Cady Defendants' choice of counsel is somehow proof of a conspiracy.

Unlike Plaintiffs' conspiracy theories, the arbitration issue on this motion is straightforward. The governing authority Plaintiffs ignore requires Cady to arbitrate his claims.

## II.   ARGUMENT

Instead of challenging the legal framework detailed by the Cady Defendants, Plaintiffs raise frivolous arguments that defy it: (1) that Real Broker is not a party (it is); (2) that Frano Team cannot enforce it (it can); (3) that *Plaintiffs'* choice to go straight to litigation without a mediation demand

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER,
LLC AND FRANO TEAM'S MOTION TO COMPEL
ARBITRATION - 1
CASE NO. 2:25-cv-01818-JLR

precludes the Cady Defendants from enforcing their arbitration rights (it does not); and (4) that because Plaintiffs make allegations that pre- and post-date the Agreement, these claims cannot be arbitrated (they can).

**A.      Real Broker LLC Is a Party to the Agreement**

Plaintiffs' first argument fails on the face of the Agreement itself, which identifies John Cady and "Real Broker LLC" as the "Parties":

Dkt. 78-2 at 4[1]; *see also* Dkt. 78 at 11 ("This arbitration agreement necessarily extends to the claims against Real Broker, a party to the Agreement[.]"). Ms. LaPlante herself is not a party; she simply executed the Agreement on behalf of Real Broker as the "*Authorized* Associate or Broker." Dkt. 78-2 at 6 (emphasis added).

**B.      As "Part of" Real Broker, Frano Team Can Enforce Cady's Obligation to Arbitrate Claims Arising from His Home Purchase.**

As explained in the Cady Defendants' brief, Plaintiffs allege the "Frano Team" is "part of" Real Broker and associated with the Cady transaction (and this case) only by virtue of that alleged relationship. Dkt. 78 at 11 (citing CACC ¶¶39, 40, 244-46, 247(j), 248-60, 330-45); *accord* Dkt. 81 at 24. Under directly on-point Florida precedent, a non-signatory (*Frano Team*) may arbitrate claims that are inextricably intertwined with arbitrable ones (*Cady's identical claims against Real Broker*). Dkt. 78 at 11 (citing *Shetty Palm Beach Rad. Oncology Assoc.-Sunderam K. Shetty, M.D., P.A.*, 915 So.2d 1233, 1235 (Fla. 4th DCA 2005); *Morales v. Perez*, 952 So.2d 605, 609 (Fla. Dist. Ct. App.

---

[1] Docket page numbers cited herein refer to the page numbers generated by ECF, rather than the internal pagination.

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER, LLC AND FRANO TEAM'S MOTION TO COMPEL ARBITRATION - 2
CASE NO. 2:25-cv-01818-JLR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

2007)). Likewise, a signatory (*Cady*) cannot evade an arbitration obligation owed to its counterparty (*Real Broker*) by suing an entity it alleges is "part of" that counterparty (*Frano Team*). Dkt. 78 at 11 n.10 (citing *Qubty v. Nagda*, 817 So.2d 952, 956 (Fla. Dist. Ct. App. 2002)). That is, Florida law does not permit Plaintiffs to evade the Agreement by filing identical claims against both Real Broker and an alleged lesser included part of its corporate form. Plaintiffs do not address *Shetty*, *Morales*, or *Qubty*. Nor do they cite any cases even suggesting the principles are unsound.

Instead, Plaintiffs offer inapt alternatives, each of which concerns non-parties with only attenuated relationships to the agreement at issue. *See* Dkt. 85 at 3-4 (citing *Ya Mon Expeditions, LLC v. Int'l Yacht Broker's Assoc., Inc.*, 2025 WL 242925, *2 (S.D. Fla. Jan. 9, 2025), *appeal pending*, No. 25-10140 (11th Cir. 2025)[2]; *Peters v. The Keyes Co.*, 402 F. App'x 448, 450, 451 (11th Cir. 2010); *Giles v. Big Bend Cmty. Based Care, Inc.*, 2014 WL 12768907, at *1 (N.D. Fla. Oct. 2, 2014)). In *Ya Mon*, the court considered "whether a listing service can compel a [non-signatory] seller to arbitrate pursuant to an Agreement between a broker and a listing service." 2025 WL 242925 at *3. *Peters* involves whether a non-signatory broker could compel its buyer-client to arbitrate pursuant to a purchase agreement between the buyer and a seller. 402 F. App'x at 450, 451. And *Giles* is not an arbitration case at all; the cited order involves whether an employee had standing to bring a discrimination in contracting claim under 42 U.S.C. § 1981 arising out of a potential contract between her employer and a government entity. 2014 WL 12768907 at *1. None of these cases involves a non-signatory enforcing its principal's arbitration agreement or arbitrating claims intertwined with arbitrable ones.

**C.    Florida Law Does Not Let Plaintiffs Avoid Arbitration by Suing Instead of Mediating.**

In 2013, the Florida Legislature passed the Revised Florida Arbitration Code, which provides that "[a]n arbitrator"—not the court—"shall decide whether a condition precedent to arbitrability has been fulfilled and whether a contract containing a valid agreement to arbitrate is

---

[2] Plaintiffs neglected to include the relevant subsequent history in their response.

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER,
LLC AND FRANO TEAM'S MOTION TO COMPEL
ARBITRATION - 3
CASE NO. 2:25-cv-01818-JLR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

enforceable." Fla. Stat. § 682.02(3). This rule applies to all arbitration agreements entered on or after July 1, 2013, as well as controversies arising after June 30, 2016, regardless of when the arbitration agreement was executed. Fla. Stat. § 682.013. This rule applies here because the parties have selected Florida law.[3]

Plaintiffs insist that this Court should resolve the issue by relying on inapplicable precedent. Plaintiffs' principal authority, *Kemiron Atl., Inc. v. Aguakem Int'l Inc.*, 290 F.3d 1287 (11th Cir. 2002) (per curiam), pre-dates the impacts of the Revised Florida Arbitration Code. Dkt. 85 at 4.[4] That renders it useless to this dispute. The same is true of the only other case Plaintiffs cite that relates specifically to Florida law regarding mediation as a condition precedent to arbitration. *Id.* at 5 (citing *United States v. Gulf Region Radiation Oncology Ctrs., Inc.*, 2013 WL 12328938, at *3 (N.D. Fla. Jan. 30, 2013)). Plaintiffs' remaining cases do not involve Florida law. *Id.* (citing *HIM Portland, LLC v. Devito Builders, Inc.*, 317 F.3d 41, 44 (1st Cir. 2003); *Mostowfi v. I2 Telecom Int'l, Inc.*, 2004 WL 7338797, at *4 (N.D. Cal. May 27, 2004); *Synopsys, Inc. v. Siemens Indus. Software Inc.*, 2021 WL 1238309, at *4 (N.D. Cal. Apr. 2, 2021)). As such, none of these cases move the needle. *See City of W. Palm Beach v. Harrell*, 419 So.3d 82, 84 (Fla. Dist. Ct. App. 2025) *reh'g denied* (Sept. 29, 2025) ("But, at the time we decided these cases, section 682.02(3) did not exist. The Legislature enacted this provision in 2013 as part of the Revised Florida Arbitration Code. Ch. 2013-232, § 7, Laws of Fla.").

---

[3] "Plaintiffs agree that Florida law applies . . . ." Dkt. 85 at 3. In any event, even if this Agreement is governed by the FAA, this rule still applies. The FAA does not preempt state arbitration statutes unless they conflict with it—*i.e.*, unless the state arbitration statute would preclude an arbitration agreement the FAA would enforce. Dkt. 78 at 10 (citing *Chamber of Comm. Of the United States of Am. v. Bonta*, 62 F.4th 473, 486 (9th Cir. 2023)). Here, the Florida law delegating conditions precedent to the arbitrator is unquestionably pro-arbitration and aligned with the FAA. *Id.* (citing *Patterson v. Melman*, 398 So.3d 470, 477-78 (Fla. Dist. Ct. App. 2024), *review denied*, 2025 WL 1065758 (Fla. Apr. 9, 2025)). Therefore, it applies regardless of whether the Court enforces the Agreement pursuant to the FAA or Florida arbitration statute.

[4] As a result, Plaintiffs' observation that the underlying agreement in *Kemiron* was governed by Florida law is of no import. The Florida law at that time was different.

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER, LLC AND FRANO TEAM'S MOTION TO COMPEL ARBITRATION - 4
CASE NO. 2:25-cv-01818-JLR

Cases addressing agreements subject to the Revised Arbitration Act, like the agreement here, come out the other way. The Cady Defendants offer this law in their Motion, but Plaintiffs ignore this law, too. *See* Dkt. 78 at 10 (citing *Patterson v. Melman*, 398 So.3d 470, 477-78 (Fla. Dist. Ct. App. 2024), *review denied*, 2025 WL 1065758 (Fla. Apr. 9, 2025)). In *Patterson*, the intermediate Florida court made clear that *any* decisions related to conditions precedent to arbitration are to be handled by the arbitrator:

> We cannot reach the issues of whether the trial court erred in its determination that the mediation requirement was not a condition precedent or whether that condition precedent had been fulfilled because those are questions that should have been left to the arbitrator. Indeed, we reverse in part based on the conclusion that the trial court erred by addressing those questions in the first place. Authority to determine whether a condition precedent was fulfilled is explicitly assigned by statute to the arbitrator, *see* § 682.02(3), and ***whether a certain obligation is or is not a condition precedent is necessarily subsumed within that question***.

398 So.3d at 474 (emphasis added). The plaintiff petitioned the Florida Supreme Court to attempt to overturn this decision, and the Florida Supreme Court denied review. *Patterson v. Melman*, 2025 WL 1065758 (Fla. Apr. 9, 2025).

Because Section 682.013 applies, none of Plaintiffs' case law does.

**D.      Plaintiffs' Scope Argument Is a Question for the Arbitrator.**

Plaintiffs' final attempt to avoid arbitration is to argue that Mr. Cady's claims fall outside the Agreement's scope because some of Plaintiffs' allegations take place before and after the Agreement. They are wrong twice over. *See* Dkt. 78 at 12-16.

First, they are wrong because the arbitration clause delegates issues of arbitrability to the arbitrator. Dkt. 78 at 12-13. Plaintiffs concede that point by failing to argue otherwise. And their scope argument is an arbitrability argument as it concerns which claims fall within the Agreement's ambit. Their authority confirms this. Specifically, *Klay* notes that disputes about whether parties agreed to arbitrate claims arising "before or after the effective dates of the arbitration agreements" are "questions of arbitrability." *Klay v. All Defs.*, 389 F.3d 1191, 1203 n.14 (11th Cir. 2004). In

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER, LLC AND FRANO TEAM'S MOTION TO COMPEL ARBITRATION - 5
CASE NO. 2:25-cv-01818-JLR

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone: (206) 676-7000
Fax: (206) 676-7001

*Klay*, the court decided the arbitrability issue, but there was no delegation clause argument. *Id.* The same is true of the only other arbitration case Plaintiffs cite in support of this argument. Dkt. 85 at 6 (citing *Brandon, Jones, Sandal, Zeide, Kohn, Chalal & Musso, P.A. v. MedPartners, Inc.*, 312 F.3d 1349 (11th Cir. 2002)).[5] Because the parties delegated arbitrability to the arbitrator, Plaintiffs' scope theory fails. *See also* Dkt. 78 at 12-13 (explaining the impact of delegation clauses).

Second, the result is the same even if the Court reaches the issue, as the Cady Defendants have already shown claim by claim. Dkt. 78 at 13-16. Plaintiffs ignore that analysis. They instead try to stretch the dispute beyond the agreement by invoking improperly generalized allegations of steering and website deception. Dkt. 85 at 6-7. As addressed in the Real Estate Defendants' Motion to Dismiss, these allegations have no nexus to Cady's transaction and thus are implausibly alleged (to the extent they can even be construed as pleaded) as to the Cady Defendants. *See* Dkt. 67 at 5-7, 11-17. But even on a broader view, the dispute falls within the Agreement. The core of the CACC's (insufficient) allegations against the Cady Defendants is that Mr. Cady might have paid less commission to a different buyer's broker. CACC ¶28. This unquestionably speculative injury proves fatal to the claims in its own right.[6] *See* Dkt. 67 at 9-10. But even taken at face value for purposes of this Motion, that alleged injury arises from the very contract containing the arbitration clause. Dkt. 78-2 at 5-6 (setting the commission at 3% and providing that the "Buyer is not obligated to

---

[5] In any event, the *Brandon* court compelled arbitration after rejecting the non-movant's attempt to read the arbitration provision too narrowly. 312 F.3d at 1358-59. Plaintiffs' brief omits the subsequent history of *Brandon*. *Brandon*, 312 F.3d 1349 (11th Cir. 2002), *abrogated on other grounds by Ray Haluch Gravel Co. v. Cent. Pension Fund of Int'l Union of Operating Eng'rs & Participating Emps.*, 571 U.S. 177 (2014)

[6] In fact, in responding to the Real Estate Defendants' Motion to Dismiss argument that these alleged damages are too speculative, the *only* purported harm Plaintiffs attempt to defend as sufficiently particular is an alleged "increase in fees and costs associated with the loans charged by Zillow Home Loans." Dkt. 81 at 20. As will be further discussed in the Real Estate Defendants' forthcoming reply in support of that Motion, that reframing fails as there is no allegation that Mr. Cady used ZHL. *See* CACC ¶28.

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER, LLC AND FRANO TEAM'S MOTION TO COMPEL ARBITRATION - 6
CASE NO. 2:25-cv-01818-JLR

make up any difference in the negotiated seller to buyer broker compensation agreement unless it is under 2.5%).

As "any doubts concerning the scope of arbitrability should be resolved in favor of arbitration," Plaintiffs' arguments fall far short of establishing that Mr. Cady did not agree to arbitrate his fiduciary duty, aiding and abetting, and RICO claims against the Cady Defendants. *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983).

### III.    CONCLUSION

For the foregoing reasons, Defendants Real Broker, LLC and Frano Team respectfully request that the Court grant their Motion to Compel Arbitration, compel arbitration of all claims asserted against them, and stay all proceedings against Real Broker and Frano Team pending completion of arbitration.

DATED this 13th day of April, 2026.

Respectfully submitted,

SUMMIT LAW GROUP, PLLC
Attorneys for Defendants Works Industries, LLC, GK Properties, Real Broker, LLC and Frano Team

I CERTIFY THAT THIS MEMORANDUM CONTAINS 2,326 WORDS, IN COMPLIANCE WITH THE LOCAL CIVIL RULES.

By *s/ Diana Siri Breaux*
      Diana Siri Breaux, WSBA #46112
      *dianab@summitlaw.com*
      Eva Sharf Oliver, WSBA #57019
      *evao@summitlaw.com*

REPLY IN SUPPORT OF DEFENDANTS REAL BROKER, LLC AND FRANO TEAM'S MOTION TO COMPEL ARBITRATION - 7
CASE NO. 2:25-cv-01818-JLR