THE HONORABLE JAMES L. ROBART

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

ALUCARD TAYLOR, ARABA ARMSTRONG, HAN ZHENG, DAVID LIAO, KAREN KING, LISA KNUDSON, EYDALIA THURSTON, KYLE SILVA, DALE KOGER, JOHN CADY, and REBECCA BRUCALIERE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ZILLOW, INC., ZILLOW GROUP, INC., ZILLOW HOMES, INC., and ZILLOW LISTING SERVICES, INC., Washington Corporations, ZILLOW HOME LOANS, LLC, a California Corporation, WORKS INDUSTRIES, LLC, an Oregon Corporation, GK PROPERTIES, a Nevada Corporation, REAL BROKER, LLC, a Florida Corporation, and FRANO TEAM, a Florida Organization,

Defendants.

Consolidated Case No. 2:25-cv-01818-JLR

**ZILLOW DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

NOTE ON MOTION CALENDAR:
MARCH 20, 2026

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

**TABLE OF CONTENTS**

I.      Introduction ........................................................................................................1

II.     Plaintiffs Concede Their Failure to Plead Causation. ........................................1

III.    Plaintiffs Fail to Defend Their Improper Group Pleading. .................................1

IV.     Plaintiffs Do Not Plead Equitable Tolling. ........................................................2

V.      Plaintiffs' RESPA Claims Fail. ..........................................................................3

        A.      Plaintiffs' RESPA Claims Are Not Redressable. ...................................3

        B.      Plaintiffs Silva and Liao Cannot State a RESPA Claim. ........................4

        C.      Plaintiffs Have Not Pleaded Section 2607(a) Claims. ............................5

                1.      There Was No Settlement Service. ...............................................5

                2.      Plaintiffs Fail to Plead a Referral. ...............................................6

                3.      ZHL does not give or receive a "thing of value." ........................7

        D.      Plaintiffs' 2607(b) Claim Fails For Multiple Reasons. ..........................8

VI.     Plaintiffs' WCPA Claim Fails. ...........................................................................9

        A.      Plaintiffs' Sole Theory of Deceptive Conduct Is Unsupported. .............9

        B.      Plaintiffs Cannot Plausibly Show Injury. .............................................10

VII.    Plaintiffs' RICO Claim Cannot Survive. ..........................................................11

VIII.   Plaintiffs' Aiding and Abetting Claims Fail. ....................................................11

IX.     Plaintiffs' Unjust Enrichment Claim Fails. ......................................................11

X.      Conclusion ........................................................................................................12

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS                          i
CASE NO. 2:25-CV-01818-JLR

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

# TABLE OF AUTHORITIES

**Cases**

*In re Amazon Serv. Fee Litig.*,
  705 F. Supp. 3d 1255 (W.D. Wash. 2023)...............................................................12

*Baugh v. Fed. Sav. Bank*,
  337 F.R.D. 100 (D. Md. 2020)...................................................................................4

*Blaylock v. First Am. Title Ins. Co.*,
  2008 WL 8741396 (W.D. Wash. Nov. 7, 2008) .......................................................3

*Bloom v. Martin*,
  77 F.3d 318 (9th Cir. 1996) .................................................................................5, 6

*Bolinger v. First Mult. Listing Serv., Inc.*,
  2014 WL 4803155 (N.D. Ga. Sept. 26, 2014) ..............................................3, 4, 7, 8

*Bushbeck v. Chicago Title Ins. Co.*,
  632 F. Supp. 2d 1036 (W.D. Wash. 2008)..................................................................6

*Capitol W. Appraisals v. Countrywide Fin. Corp.*,
  2009 WL 10677052 (W.D. Wash. Sept. 30, 2009)....................................................11

*CFPB v. Borders & Borders, PLC*,
  2018 WL 1440606 (W.D. Ky. Mar. 22, 2018) ...........................................................8

*Croskrey v. Ocwen Loan Servicing LLC*,
  2016 WL 3135643 (C.D. Cal. June 2, 2016) ..............................................................5

*Douglass v. Stanger*,
  101 Wash. App. 243 (2000)........................................................................................3

*E&E Co. v. Kam Hing Enterps., Inc.*,
  429 F. App'x 632 (9th Cir. 2011)...............................................................................2

*Edwards v. First Am. Corp.*,
  798 F.3d 1172 (9th Cir. 2015) .......................................................................... *passim*

*Eruchalu v. U.S. Bank, Nat'l Ass'n*,
  2013 WL 6667702 (D. Nev. Dec. 17, 2013)............................................................10

*Galaviz v. FBI*,
  2020 WL 208044 (W.D. Wash. Jan. 14, 2020)......................................................1, 2

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS                      ii
CASE NO. 2:25-CV-01818-JLR

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

*Guebara v. Saxon Mortgage*,
  2011 WL 1670762 (E.D. Cal. 2011).................................................................8

*Guketlov v. Homekey Mortg., LLC*,
  2009 WL 3785575 (W.D. Wash. Nov. 9, 2009) .................................................3

*Henson v. Fid. Nat. Fin. Inc.*,
  18 F. Supp. 3d 1006 (C.D. Cal. 2014) ...............................................................8

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ............................................................................2

*Munoz v. PHH Mortg. Corp.*,
  478 F. Supp. 3d 945 (E.D. Cal. 2020).................................................................4

*Precision Airmotive Corp. v. Rivera*,
  288 F. Supp. 2d 1151 (W.D. Wash. 2003)..........................................................2

*Sara S. v. Acting Comm'r of Soc. Sec.*,
  2026 WL 194595 (W.D. Wash. Jan. 26, 2026)...................................................1

*Shahbazian Fam. Tr. v. O'Neil*,
  2017 WL 2964821 (W.D. Wash. Jul. 12, 2017) ...............................................11

*Sosa v. Chase Manhattan Mortg. Corp.*,
  348 F.3d 979 (11th Cir. 2003...........................................................................7, 8

*Storey v. Amazon.com Serv. LLC*,
  2024 WL 2882270 (W.D. Wash. June 7, 2024)................................................10

*Swartz v. KPMG LLP*,
  476 F.3d 756 (9th Cir. 2007) ..............................................................................2

*Taie v. Ten Bridges LLC*,
  568 F. Supp. 3d 1126 (W.D. Wash. 2021).........................................................12

*Woodell v. Expedia Inc.*,
  2019 WL 3287896 (W.D. Wash. July 22, 2019) ................................................2

**ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS**
**CASE NO. 2:25-CV-01818-JLR**

iii

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

## I.   INTRODUCTION

Plaintiffs' Opposition to the Zillow Defendants' Motion confirms their case is legally and factually baseless.  Plaintiffs ignore their failure to plead causation altogether and concede they have only pled fraud as to "categories" of Defendants, not individual parties as required.  Plaintiffs argue their RESPA section 2607(a) claim is based on referrals for "mortgage-origination," even though their entire CCAC focuses on alleged quotas for free pre-approval letters, untethered to any actual loan.  And, to sustain their 2607(b) claim, they argue that whether Zillow performed services for the Partner Agents is a "disputed fact," notwithstanding their extensive allegations detailing a long list of services Zillow purportedly performed.  None of these arguments save their claims, and the Court should dismiss the CACC with prejudice.

## II.   PLAINTIFFS CONCEDE THEIR FAILURE TO PLEAD CAUSATION.

Zillow argued that Plaintiffs' "Contact Agent" and "Pre-Approval Letter" theories fail because Plaintiffs do not adequately plead that Zillow caused their purported injuries—having alleged *sellers*, not Plaintiffs, set and paid commissions and offering no facts to infer their Partner Agents impacted the total commission.  Dkt. 64 ("Mot."), p.9.  Plaintiffs do not contest this element is required for their WCPA, RICO, and aiding and abetting fiduciary duty claims, but they fail to address it.  *See generally* Dkt. 80 ("Opp.").  Accordingly, "the court may treat that argument as conceded" and these claims can be dismissed for this reason alone.  *Sara S. v. Acting Comm'r of Soc. Sec.*, 2026 WL 194595, at *4 (W.D. Wash. Jan. 26, 2026) (citations omitted); *see also Galaviz v. FBI*, 2020 WL 208044, at *4 (W.D. Wash. Jan. 14, 2020) (Robart, J.) (dismissal with prejudice warranted when plaintiffs fail to argue issues in opposition briefs).

## III.   PLAINTIFFS FAIL TO DEFEND THEIR IMPROPER GROUP PLEADING.

Plaintiffs implicitly concede Rule 9(b) applies, but cannot identify individualized allegations as to each entity's purported "fraud."

*First*, rather than "allege how each [Zillow Defendant] participated in the challenged system" (Opp., p.7), Plaintiffs either omit entities or merely describe their general business functions.  They

ignore Zillow Homes, Inc., and state only that Zillow Listing Services, Inc. offers a "variety of licensed brokerage services" and Zillow Group, Inc. "controls the Zillow marketplace and related business and services." *Id.*, p.6.  Plaintiffs cite no cases finding such allegations sufficient, and this Court rejected similar allegations collectively charging "Defendants" of wrongdoing, while "describ[ing] nothing more than legitimate business conduct" as to individualized defendants. *Woodell v. Expedia Inc.*, 2019 WL 3287896, at *6 (W.D. Wash. July 22, 2019) (Robart, J.).  Plaintiffs elsewhere concede that they plead only "allegations tying each ***category of defendant*** to the illegitimate scheme."  Dkt. 81. (Opp. to RE Defendants' Mot. to Dismiss), p.13 (emphasis added). None of this "inform[s] each defendant separately of the allegations surrounding [their] ***participation in the fraud***."  *Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (as modified).

***Second***, Plaintiffs argue that Rule 9(b) should be relaxed when facts "can only be obtained through discovery."  Opp., p.6.  Not so.  Rule 9(b) is designed to prevent a complaint as a "pretext for the discovery of unknown wrongs."  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (as modified).  The single case Plaintiffs invoke considered the ***content*** of alleged fraud, not group pleading.  *See E&E Co. v. Kam Hing Enterps., Inc.*, 429 F. App'x 632, 633 (9th Cir. 2011). Accordingly, group pleading bars Plaintiffs' claims.

## IV.    PLAINTIFFS DO NOT PLEAD EQUITABLE TOLLING.

Plaintiffs tacitly acknowledge that many of their claims are only viable if they plausibly allege equitable tolling. *See* Opp., pp.24–25.  Plaintiffs have not done so.

***First***, Plaintiffs cannot show their claims "*could not have been discovered* by due diligence within the limitations period."  *Precision Airmotive Corp. v. Rivera*, 288 F. Supp. 2d 1151, 1153 (W.D. Wash. 2003).  Plaintiffs argue they "plausibly allege[d]" that "the challenged scheme only became publicly visible after investigative reporting by *The Capitol Forum*," published on October 21, 2025. Opp., p.25 (citing CCAC ¶¶87–89).  That is impossible—Plaintiffs filed suit on September 19, 2025, ***over a month earlier***.  Dkt. 1.

Moreover, Plaintiffs tout *The Capitol Forum* article as just "another example" of similar

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR                    2                    COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

reporting (CCAC ¶87), and plead numerous earlier statements—including Zillow's disclosures regarding the Flex Program Standards and its ZHL integration—from as early as *2019*. *See, e.g.*, *id.* ¶¶61 & n.22, 66–71, 73–86, 97 & n.76. Plaintiffs also allege that "Zillow is not being coy," *id.* ¶73, acknowledge Zillow's TOU governs, *id.* ¶198, and (for Armstrong and Silva) do not refute receiving pre-closing disclosures. Equitable tolling does not apply.

*Second*, Plaintiffs argue they had no diligence obligation because they "reasonably relied on the advice of their buyers' agents." Opp., pp.25–26. Plaintiffs invite the Court to create a *per se* rule that diligence is excused where an alleged fiduciary relationship exists, but "[e]ven in an action for fraud where a fiduciary relation exists, the burden is upon the plaintiff to show that the facts constituting the fraud were not discovered or could not [be] discovered." *Douglass v. Stanger*, 101 Wash. App. 243, 256 (2000). Plaintiffs do not plead the substance of any purported "advice," how it justified their reliance, or that they relied on a fiduciary as a basis for tolling. Rather, their tolling allegations focus on Zillow's website design and other alleged non-disclosures. *See* CCAC ¶¶210–13. Plaintiffs do not claim the Zillow Defendants were their fiduciaries and offer no defense for ignoring Zillow's repeated disclosures. Mot., pp.12–13. In the absence of "factual allegations that would support" tolling, many of Plaintiffs' claims are time-barred. *Guketlov v. Homekey Mortg., LLC*, 2009 WL 3785575, at *3 (W.D. Wash. Nov. 9, 2009).

## V.   PLAINTIFFS' RESPA CLAIMS FAIL.

### A.   Plaintiffs' RESPA Claims Are Not Redressable.

No Plaintiff has standing under RESPA.[1] Opp., p.8. RESPA awards penalties to "***persons charged for the settlement service involved in the violation***[.]" 12 U.S.C. § 2607(d)(2). Absent a "charge," there can be no redress. *See Blaylock v. First Am. Title Ins. Co.*, 2008 WL 8741396, at *9 (W.D. Wash. Nov. 7, 2008) ("RESPA allows only persons 'charged for the settlement service involved in the [RESPA] violation' to sue."); *see also Bolinger v. First Mult. Listing Serv., Inc.*, 2014

---

[1] Defendants' standing argument is not limited to Plaintiffs Armstrong, Liao, and Silva. Opp., p.8. Further, Plaintiffs Zheng, King, Knudson, Thurston, and Koger do not allege RESPA claims. CCAC ¶¶264, 284.

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

3

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

WL 4803155, at *4 (N.D. Ga. Sept. 26, 2014) ("[S]imply paying the purchase price does not establish an injury where Plaintiffs produce no evidence that these Brokers charged them for any services; rather, these Brokers' commissions were taken out of the sellers' proceeds from the transaction."). Plaintiffs' authorities confirm this: "[P]laintiffs must have suffered a concrete harm as a result of the 'defendant's statutory violation that is the type of harm Congress sought to prevent when it enacted the statute.'" *Baugh v. Fed. Sav. Bank*, 337 F.R.D. 100, 107 (D. Md. 2020) (citation omitted); *Munoz v. PHH Mortg. Corp.*, 478 F. Supp. 3d 945, 984 (E.D. Cal. 2020) (RESPA violation redressable where "any charge" has been paid).

No Plaintiff satisfies this requirement: they do not allege paying any charge in connection with a pre-approval letter, or the commission on their home purchase. Opp., p.10 (acknowledging pre-approval letters are free); CCAC ¶297 (sellers, **not plaintiffs**, were "charged" for buyer agent's commission). Plaintiffs argue they "incurred concrete and particularized injury in the form of charges associated with [mortgage-origination and real-estate brokerage services] in connection with their home purchases," Opp., p.8, but their cited allegations either do not reference harm at all or are merely boilerplate conclusions of unspecified injury. *Id.¸* citing CCAC ¶¶272–275, 282–283, 293. This is in contrast to *Baugh,* where plaintiffs asserted *specific facts and data* showing "they may have been significantly overcharged" at a rate more than three times the state average. *Baugh*, 337 F.R.D. at 107–08. Plaintiffs allege no analogous harm.

Plaintiffs also claim they can have standing without having paid (or overpaid) a "charge," where the alleged "scheme" deprived them of "meaningful disclosure" or "meaningful choice." Opp., p.8, *citing Munoz*, 478 F. Supp. 3d. at 982–84. But *Munoz* involved a captive reinsurance agreement that gave plaintiffs **no choice** in vendor selection. *Id.* at 956–57. Here, Plaintiffs do not allege they were forced to use ZHL for financing. In fact, Plaintiff Silva alleges he obtained a ZHL pre-approval letter but **did not** finance through ZHL.

### B.    Plaintiffs Silva and Liao Cannot State a RESPA Claim.

Plaintiffs ignore Zillow's argument that Plaintiff Silva cannot plead a RESPA claim without

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR                                      4

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

a federally related mortgage loan. *See* 12 U.S.C. § 2607(a)-(b) (applying to services and transactions "involving a federally related mortgage loan"); *see also Croskrey v. Ocwen Loan Servicing LLC*, 2016 WL 3135643, at *8 (C.D. Cal. June 2, 2016) (dismissing RESPA claim involving no federally related mortgage loan); Opp., p.12; CCAC ¶26.  Plaintiffs likewise concede, through silence, that Plaintiff Liao could not have been injured because his home purchase closed a year before Zillow allegedly implemented the pre-approval metric.  CCAC ¶¶22, 66.  These RESPA claims should be dismissed.

### C.    Plaintiffs Have Not Pleaded Section 2607(a) Claims.

#### 1.    There Was No Settlement Service.

Plaintiffs tacitly concede that free, no obligation ***pre-approval letters*** are not a "settlement service."  To remedy this, Plaintiffs attempt to tether their 2607(a) claim to "mortgage-origination" services – arguing either (i) the at-issue "settlement service" is mortgage origination, rather than a "pre-approval" letter; or (ii) pre-approval letters are "business incident to" a mortgage transaction. Opp., p.10.  Both framings misstate the CCAC.

***First***, Plaintiffs do not allege Zillow steered buyers to ZHL for "mortgage-origination." They instead allege Zillow required Partner Agents "to meet specific ZHL ***pre-approval quotas*** as a condition for maintaining access to the[] high-value leads."  CCAC ¶66; *see also id.* ¶¶71, 73, 88, 159, 163, 278 (alleging performance metrics tied to ZHL *pre-approvals*).  Plaintiffs do not identify a single allegation that Zillow conditioned lead distribution on ***conversion to ZHL loans*** or that buyers who receive ZHL pre-approval letters could not choose a different lender.  Indeed, the fact that Plaintiff Silva—who did not "originate" a mortgage with ZHL—has brought a 2607(a) claim belies that theory.  Plaintiffs' attempted pivot fails.

***Second***, the CCAC shows pre-approval letters are not "business incident to or part of real estate settlement service."  Opp., p.10. RESPA regulates settlement services "necessary for the closing" of a specific mortgage transaction, like appraisals and title searches. *See, e.g., Bloom v. Martin,* 77 F.3d 318, 321 (9th Cir. 1996); *see also* Mot., p.16 (RESPA disclosures are triggered under

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

5

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

78 Fed. Reg. 79730 and 79791 only after mortgage application identifying property address and value). But Plaintiffs' allegations—and Opposition—confirm that pre-approval and financing are distinct "stages" in a real estate transaction. *Id.* at 11 ("Zillow used their program requirements … to channel borrowers toward ZHL, **both at the pre-approval and financing stages**") (emphasis added); CCAC ¶286. Indeed, like the reconveyance fees in *Bloom*, pre-approval letters are unconnected to loan origination and instead "empower[] consumers to navigate affordability during their home search"—*i.e.*, before they have even identified a property to finance. CCAC ¶71.[2] Thus, pre-approvals are not "incident to" the settlement. *See Black's Law Dictionary* (12th ed. 2024) (defining "incident" as "[d]ependent on . . . or otherwise connected with").

Citing no supportive case law, Plaintiffs invite this Court to drastically expand the scope of 2607(a) to apply before a buyer even identifies a specific home or applies for a mortgage, at a pre-transaction stage unconnected to any later "settlement" of a transaction or related services. Plaintiff Silva's experience is again illustrative: he received a ZHL pre-approval letter but does not allege having later received a mortgage at all, confirming his pre-approval was not connected—and did not add charges—to a covered settlement service. The Court should reject Plaintiffs' attempt to extend RESPA to these circumstances.

### 2.    Plaintiffs Fail to Plead a Referral.

Plaintiffs also recognize that Partner Agents encouraging clients to seek pre-approval letters is not a "referral." Opp., p.11. Instead, they again attempt to expand their allegations by arguing without citation to the CCAC that they "plausibly allege . . . Zillow used their program requirements . . . to channel borrowers to ZHL, both at the pre-approval and financing stages." *Id.* Plaintiffs fail to identify any allegations detailing program requirements tied to the "financing stage." There are none. In rebuttal, Plaintiffs invoke the class certification decision in *Edwards v. First Am. Corp.,* to

---

[2] Plaintiffs attempt to distinguish *Bloom* and misconstrue *Bushbeck* as drawing only a post-closing "temporal distinction," but both Courts considered whether the challenged fees were encompassed by RESPA's definition of "settlement services." *Bloom*, 77 F.3d at 320–21; *Bushbeck v. Chicago Title Ins. Co.*, 632 F. Supp. 2d 1036, 1040 (W.D. Wash. 2008) (Robart, J).

**ZILLOW DEFENDANTS' REPLY IN**
**SUPPORT OF MOTION TO DISMISS**                6
**CASE NO. 2:25-CV-01818-JLR**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

argue a referral need not be the "exclusive" reason for the borrower's chosen lender. 798 F.3d 1172, 1184 (9th Cir. 2015). But *Edwards* not only involved referrals for title insurance, *a settlement service*, the Court held only that referrals from the title companies to defendant could give rise to a 2607(a) claim even if other providers may have *also* influenced plaintiffs' decision to choose defendant's services. *Id*. at 1176, 1184. Unlike *Edwards*, Plaintiffs allege a "referral" for pre-approval letters (not settlement services). Accordingly, *Edwards* is irrelevant, and does not excuse Plaintiffs' failure to plead plausible allegations that a pre-approval letter influenced their lending decisions.

Finally, Plaintiffs attempt to distinguish *Bolinger* because plaintiffs there "had not paid any charge." Mot., p.17; Opp., p.11; *Bolinger*, 2014 WL 4803155, at *5. Here, as in *Bolinger*, Plaintiffs do not plead they paid any charges at the pre-approval stage. *Supra*, Part V(A). Free, no-obligation pre-approval letters are not "settlement services" or "referrals" under 2607(a), failing both elements of Plaintiffs' 2607(a) claim.

### 3. ZHL does not give or receive a "thing of value."

RESPA does not prohibit merely making referrals; it prohibits the payment of kickbacks and unearned fees pursuant to an agreement or understanding that *settlement-service business* would be referred. *Sosa v. Chase Manhattan Mortg. Corp*., 348 F.3d 979, 981 (11th Cir. 2003). Recognizing this, Plaintiffs attempt to recast their 2607(a) claim as relating to "an arrangement or understanding that agents would refer borrowers toward ZHL for mortgage financing." Opp., p.12. But, as discussed, the CCAC focuses only on free pre-approval letters—which fall outside the mortgage origination process. *Supra*, Part V(C)(1).

Plaintiffs offer two rebuttal theories. First, they claim that even if a pre-approval referral is not itself a thing of value "received" by ZHL, "Zillow" still "gave things of value to participating agents in exchange for referring *mortgage business* to ZHL." Opp., p.12. Second, Plaintiffs contend that pre-approval letters must be "things of value" because Zillow "tracke[d] and enforce[d] metrics" related thereto, which, they claim—without citation to the CCAC—"plausibly demonstrate[s] that the letters were a key mechanism through which Zillow drove *mortgage business* to its affiliated

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

7

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

lender." *Id.*, p.13 (emphasis added).  Again, both theories fail because the CCAC does not address referrals for "mortgage business," but alleges that buyer leads are conditioned only on referrals for pre-approval letters.  Further, as detailed in the Motion, a pre-approval letter is just a nominal assignment of potential business, "insufficient to constitute a 'thing of value,'" where Plaintiffs had complete discretion to finance their transactions with any lender.  Mot., p.18; *see also CFPB v. Borders & Borders, PLC*, 2018 WL 1440606, at *3 (W.D. Ky. Mar. 22, 2018).  Plaintiffs offer no contrary authority, and their section 2607(a) claim should be dismissed.

### D.    Plaintiffs' 2607(b) Claim Fails For Multiple Reasons.

***First***, fee-splitting is permissible in exchange for services rendered, and Plaintiffs alleged that Zillow rendered services.  Indeed, to save their 2607(a) claim, Plaintiffs concede the Zillow Defendants provided "substantially valuable" "settlement services," including by providing access to leads, marketing services, and coordination functions.  Opp., pp.10, 12.[3]  But to save their 2607(b) claim, they claim that whether Zillow connected buyers and Partner Agents or offered platform tools is "a disputed fact issue." Opp., p.14.  Plaintiffs cannot have it both ways.

Plaintiffs also claim these services are insufficient because they were not "related to the *closing*." *Id.*, pp.14–15. But neither section 2607(b) nor Plaintiffs' authorities (*Id.*, p.14) support this argument.  Section 2607(b) requires only that fees are "for services actually performed," and "connecting sellers and buyers" is sufficient. *Bolinger*, 2014 WL 4803155, at *8; *see also Henson v. Fid. Nat. Fin. Inc.*, 18 F. Supp. 3d 1006, 1012 (C.D. Cal. 2014) ("[S]ervices must only be something more than trifling or insignificant . . . and actually performed in connection with a real-estate settlement.").  *Guebara v. Saxon Mortgage* held only that RESPA did not apply to fees imposed *after* closing. 2011 WL 1670762, at *4 (E.D. Cal. 2011); Opp., p.14.  And *Sosa* is likewise silent on timing, holding only that fees received for coordinating messenger deliveries were properly earned. 348 F.3d at 984.

---

[3] *See also* CCAC ¶275 (alleging the "marketing, lead-generation, referral, and coordination functions . . . are settlement services"), ¶278 (Zillow was an "operator of a 'settlement services' digital comparison-shopping platform"); Mot., p.19 (detailing various services).

**ZILLOW DEFENDANTS' REPLY IN**
**SUPPORT OF MOTION TO DISMISS**                                   8
**CASE NO. 2:25-CV-01818-JLR**

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

*Second*, Plaintiffs cannot avoid 2607(c)(3)'s cooperative brokerage exemption. Plaintiffs concede that Zillow, Inc. is a licensed real estate brokerage (CCAC ¶30), but attempt to avoid the safe harbor through the bare conclusion that "Zillow does not act as a real-estate broker … in these [] transactions[.]" Opp., p.16. But Plaintiffs' allegations confirm that Zillow, Inc. operates as a cooperating brokerage through its Preferred program. *Compare, e.g.,* CCAC ¶65 (describing Zillow's lead-generation and distribution service) *with* Or. Rev. Stat. Ann. § 696.010 ("[P]rofessional real estate activity" includes "assist[ing] or direct[ing] in the procuring of prospects, calculated to result in the sale, exchange, leasing or rental of real estate."). Neither of Plaintiffs' cases helps them. Opp., p.16 (citing *HomeLight, Inc. v. Shkipin*, 694 F. Supp. 3d 1242, 1250 (N.D. Cal. 2023) (court did not consider "whether RESPA prohibits the kind of payments HomeLight receives from referred agents"); *Henson*, 18 F. Supp. 3d at 1012 (no discussion of 2607(c)(3) safe harbor)).

## VI.    PLAINTIFFS' WCPA CLAIM FAILS.

### A.    Plaintiffs' Sole Theory of Deceptive Conduct Is Unsupported.

Of Plaintiffs' three theories of unfair or deceptive conduct—*per se* unfair conduct based on a RESPA violation; conduct offending public policy or morality; and deceptive conduct—Plaintiffs expressly concede the first is incorrect and do not defend the second. *See* Opp., p.17 n.5. To avoid dismissal of the remaining theory, Plaintiffs rely on unpled conclusions from a survey not mentioned in their 100-page pleading (*see* Opp., p.17), and claim they alleged Partner Agents "flat-out lied to the consumers," but tellingly offer no Complaint citation (*id.*, p.18), because the CCAC does not allege a single relevant detail of what their Partner Agents did or said. *See* Mot., p.21; Opp., p.18. The Court should not credit these arguments.

Plaintiffs next invite the Court to ignore that the challenged conduct was expressly disclosed including through at least: (i) the "Contact Agent" and "Request a Tour" buttons that form the core of Plaintiffs' claims (CCAC ¶¶21-29); (ii) the Touring Agreement they claim buyers signed (¶¶6, 29, 102-08), (iii) Zillow TOU, which Plaintiffs specifically allege governs (¶198); and (iv) Plaintiffs' own partner agents disclosures (¶¶26, 27, 29), among others. Plaintiffs do not challenge that these

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

9

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

disclosures exist or claim their *substance* was inadequate – instead arguing that their interpretation is a "fact-based question" akin to a reasonable consumer's interpretation of conflicting fine print on a food label or deceptive mass mailer. Opp., p.17-18. These cases are irrelevant. "It is one thing, for example, to assume that consumers shopping at a grocery store do not read every word printed on a food packaging label before purchasing it, but another thing to assume that parties to a valid contract have not read its terms." *Storey v. Amazon.com Serv. LLC*, 2024 WL 2882270, at \*7 (W.D. Wash. June 7, 2024) (distinguishing mass mailing and food labeling cases).

## B.     Plaintiffs Cannot Plausibly Show Injury.

Plaintiffs address their failure to plead injury by pointing to irrelevant allegations and a purported "typo." Neither saves their WCPA claim.

*First*, the Court should not excuse Plaintiffs' allegation that higher commissions negatively affect *sellers* (not buyers) as a "typo." Opp., p.19 (referencing CCAC ¶317). Plaintiffs cannot escape the consequences of their own pleading, which confirm this was no typo. *Eruchalu v. U.S. Bank, Nat'l Ass'n*, 2013 WL 6667702, at \*5 (D. Nev. Dec. 17, 2013) (rejecting plaintiffs' characterization of allegation as an "inadvertent typo error"). Plaintiffs repeatedly allege that, in a "typical residential real estate transaction," a seller agrees on the total commission with their own agent, and earmarks a portion of that total for a (then unknown) buyer agent, and it is the *seller*—not the buyer—that sets and pays the buyer agent's commission. *See, e.g.*, CCAC ¶¶50–54, 105–06, 113, 193, 297–98, 325.

*Second*, Plaintiffs point to a handful of "allegations"—*e.g.*, "steering caused 'consumers to be steered into higher-cost mortgage products'" (Opp., p.19 (quoting CCAC ¶313)), and that Plaintiffs "suffered concrete and particularized economic injuries caused by the scheme, including higher rates and fees" (*id.*, p.13)—but these are mere conclusions, not well-pled facts. As to the "Contact Agent" theory, Plaintiffs offer no detail about their interactions with agents, and do not plead a single fact demonstrating that sellers paid higher commissions—let alone that such commissions inflated Plaintiffs' home purchase prices. Opp., pp.3–7. As to the Pre-Approval Letter theory, Plaintiffs do not even respond to Zillow's argument that they failed to plead facts showing

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

10

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

that the Plaintiffs who received pre-approval letters would have received more favorable loans from other lenders—indeed, Plaintiffs concede that Plaintiff Silva **did not even use a ZHL loan to purchase his home**. Opp., p.12. Plaintiffs' failure to plead injury is fatal. *See* Mot., pp.9–10.

## VII.   PLAINTIFFS' RICO CLAIM CANNOT SURVIVE.

Plaintiffs concede their RICO allegations must satisfy Rule 9(b) (Opp., p.24), but offer no specifics. Plaintiffs lean on the CCAC's length, without identifying allegations detailing the "who, what, where, when, or how" of Zillow's allegedly fraudulent "schemes." Opp., p.20. They criticize the Zillow Defendants' citation to *Capitol W. Appraisals  v. Countrywide Fin. Corp.*, 2009 WL 10677052, at *3 (W.D. Wash. Sept. 30, 2009), vaguely arguing "that case involved mere assertions of fraud" without explaining how the CCAC is any different. Opp., p.20. Likewise, for the reasons detailed in Defendants' motions to dismiss and the Real Estate Defendants' reply ("RE Reply"), Plaintiffs fail to rehabilitate their RICO claim. The Zillow Defendants join that portion of the RE Reply.

## VIII.   PLAINTIFFS' AIDING AND ABETTING CLAIMS FAIL.

Plaintiffs do not dispute that their common law claims have been abrogated by Washington statute, instead dismissing it as "elevat[ing] form over substance." Opp., p.22. The "form" here—*i.e.*, the existence and legal source of a heightened duty—is fundamental to any claim alleging a breach of the same. Plaintiffs' claim fails. *See Shahbazian Fam. Tr. v. O'Neil*, 2017 WL 2964821, at *7–8 (W.D. Wash. Jul. 12, 2017) ("claim for breach of fiduciary duties fails as a matter of law" due to statutory abrogation); *see also* Wash. Rev. Code § 18.86.110. Plaintiffs' only other argument—that they have plausibly pleaded breach and intent—fails, as their boilerplate allegations do not plead Zillow facilitated any breach by the Real Estate Defendants. *See* RE Reply, p.11, which Zillow adopts and incorporates by reference.

## IX.   PLAINTIFFS' UNJUST ENRICHMENT CLAIM FAILS.

Plaintiffs argue that Zillow's TOU does not doom this claim because: (i) the Court cannot resolve enforceability at the pleading stage; and (ii) "Zillow's entire compensation scheme is illegal,"

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

11

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

rendering the TOU invalid as an illegal contract. Opp., p.24. Regarding enforceability, Plaintiffs do not contest they agreed to the TOU or cite authority that enforceability is not a pleading issue. *Contra* Mot., p.28 (citing *In re Amazon Serv. Fee Litig.*, 705 F. Supp. 3d 1255, 1270 (W.D. Wash. 2023), *aff'd*, 2025 WL 2268252 (9th Cir. Aug. 8, 2025) (dismissing unjust enrichment claim at the pleading stage based on a website's terms where plaintiff pled unenforceability)). Plaintiffs similarly do not allege that "Zillow's entire compensation scheme is illegal" (nor is it clear what this means), or that anything ***in the TOU*** is illegal. The contract in *Taie v. Ten Bridges LLC*, by contrast, was itself alleged to have unjustly enriched the defendant, and had been deemed unlawful. 568 F. Supp. 3d 1126, 1132–33 (W.D. Wash. 2021); Opp., p.24. This case is more like *Amazon Service Fee Litigation*, and Plaintiffs cannot plead unjust enrichment based on allegedly unlawful website design or marketing conduct, given their agreement to Zillow's TOU. *See Amazon Serv. Fee Litig.*, 705 F. Supp. 3d at 1262.

Finally, even if the TOU does not preclude equitable claims, Plaintiffs have not pled they experienced a "concrete detriment" or an unjust enrichment to Zillow because the "Hidden Zillow Fees" and "Premium Fees" were not paid by Plaintiffs. Mot., p.23; Opp., p.24.

## X.    CONCLUSION

The Zillow Defendants respectfully request the Court grant the Motion with prejudice.

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR                    12                    COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

Dated: April 17, 2026

*/s/ Benjamin Sweeney*

Benjamin Brink Sweeney (WSBA No. 63957)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Fax: (206) 452-8800
Email: bsweeney@cooley.com

Benedict Y. Hur *(pro hac vice)*
Aarti Reddy *(pro hac vice)*
Thilini Chandrasekera *(pro hac vice)*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
Email: areddy@cooley.com
        bhur@cooley.com
        tchandrasekera@cooley.com

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
Email: mrogers@cooley.com

Sara Victoria M. Pitt *(pro hac vice)*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Fax: (213) 561-3244
Email: sporter@cooley.com

Attorneys for Defendants
Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Zillow Home Loans, LLC

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

13

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

**Local Civil Rule 7(e)(6) Certification**

I certify that this memorandum contains 4,165 words, in compliance with the Local Civil Rules for the Western District of Washington.

Dated: April 17, 2026

/s/ *Benjamin Sweeney*
Benjamin Brink Sweeney (WSBA No. 63957)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Fax: (206) 452-8800
Email: bsweeney@cooley.com

Benedict Y. Hur *(pro hac vice)*
Aarti Reddy *(pro hac vice)*
Thilini Chandrasekera *(pro hac vice)*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
Email: areddy@cooley.com
          bhur@cooley.com
          tchandrasekera@cooley.com

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
Email: mrogers@cooley.com

Sara Victoria M. Pitt *(pro hac vice)*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Fax: (213) 561-3244
Email: sporter@cooley.com

Attorneys for Defendants
Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Zillow Home Loans, LLC

ZILLOW DEFENDANTS' REPLY IN
SUPPORT OF MOTION TO DISMISS
CASE NO. 2:25-CV-01818-JLR

14

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700