THE HONORABLE JAMES L. ROBART

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ALUCARD TAYLOR, ARABA ARMSTRONG, HAN ZHENG, DAVID LIAO, KAREN KING, LISA KNUDSON, EYDALIA THURSTON, KYLE SILVA, DALE KOGER, JOHN CADY, and REBECCA BRUCALIERE, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

ZILLOW, INC., ZILLOW GROUP, INC., ZILLOW HOMES, INC., and ZILLOW LISTING SERVICES, INC., Washington Corporations, ZILLOW HOME LOANS, LLC, a California Corporation, WORKS INDUSTRIES, LLC, an Oregon Corporation, GK PROPERTIES, a Nevada Corporation, REAL BROKER, LLC, a Florida Corporation, and FRANO TEAM, a Florida Organization,

Defendants.

Consolidated Case No. 2:25-cv-01818-JLR

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND CONSOLIDATED AMENDED CLASS ACTION COMPLAINT**

NOTE ON MOTION CALENDAR:
MAY 14, 2026

DEFTS.' OPPOSITION TO MOTION
FOR LEAVE TO FILE 2ND CLASS
ACTION COMPLAINT
CASE NO. 2:25-CV-01818-JLR

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

## I.    INTRODUCTION

On April 15, 2026—without prior notice and just two days before the noting date for Defendants' motions to dismiss—Plaintiffs filed an amended complaint without seeking leave of Court.  The Court promptly issued an order to show cause why that improper filing should not be stricken, and Plaintiffs responded with a Motion for Leave to Amend Consolidated Class Action Complaint (the "Motion" or "Mot."), Dkt. No. 93.  The Court should deny Plaintiffs' Motion because the amended complaint is both prejudicial and futile.  It is prejudicial because the Parties have already fully briefed two separate motions to dismiss that are ready for adjudication, and mooting those motions now would be a waste of time and resources.  The amendments are also futile because they cure none of the deficiencies in Plaintiffs' claims—they simply add the new plaintiff and defendant, without alleging any wrongful acts by the new defendant or why the new plaintiff has a claim.  Accordingly, Defendants respectfully ask the Court to deny the Motion without prejudice, subject to the Court's ruling on Defendants' pending motion to dismiss.

## II.    PROCEDURAL HISTORY

Plaintiff Alucard Taylor initiated this action on September 19, 2025.  Dkt. No. 1.  He filed an Amended Class Action Complaint on November 19, 2025, adding nine plaintiffs and four defendants.  Dkt. No. 15.  On December 10, 2025, the Court consolidated this action with *Armstrong v. Zillow Group, Inc., et al.*, No. 25-cv-02226 (W.D. Wash.).  Dkt. No. 27.  Plaintiffs filed the operative Consolidated Amended Class Action Complaint (the "CCAC") on December 29, 2025—this time adding one additional plaintiff and one new defendant.  Dkt. No. 45.  On February 19, 2026, Plaintiffs dismissed defendant Works Industries, LLC.  Dkt. No. 63.

Pursuant to the parties' stipulated briefing schedule, as adopted by the Court, the Zillow Defendants[1] and the Real Estate Defendants[2] each moved to dismiss the CCAC on February 20,

---

[1] Defendants Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Zillow Home Loans, LLC are collectively referred to herein as the "Zillow Defendants."

[2] Defendants GK Properties, Real Broker, LLC, and Frano Team are collectively referred to herein as the "Real Estate Defendants" and, with the Zillow Defendants, as "Defendants."

---

**DEFTS.' OPPOSITION TO MOTION
FOR LEAVE TO FILE 2ND CLASS
ACTION COMPLAINT
CASE NO. 2:25-CV-01818-JLR**

1

2026.  Dkt. Nos. 64, 67.  Both motions to dismiss were noted on the motion calendar for, and fully briefed on, April 17, 2026.  *See* Dkt. Nos. 80 & 81 (opposition briefs), 91 & 92 (reply briefs). Defendants also moved to stay discovery on February 20, 2026.  Dkt. No. 68.

On March 13, 2026, while the parties were briefing Defendants' motions to dismiss, they submitted an Amended Joint Status Report and Discovery Plan (the "Joint Status Report").  Dkt. No. 77.[3]  Pursuant to the Court's request for a proposed case management schedule, *see* Dkt. No. 18, the parties proposed a deadline of April 15, 2026 to join additional parties.  *See* Dkt. No. 77, at 2, 6.  On March 23, 2026, the Court granted Defendants' motion to stay and immediately stayed all discovery.  Dkt. No. 79.

On April 15, 2026—two days before Defendants filed their replies in support of their motions to dismiss—Plaintiffs purported to file a Consolidated Second Amended Class Action Complaint ("SAC"), in which they joined one plaintiff and one defendant.  Dkt. No. 87.  The Court ordered Plaintiffs to show cause why it should not strike the SAC for failure to comply with Federal Rule of Civil Procedure 15 and Local Civil Rule 15, including by failing to seek leave from the Court to file an amended complaint.  Dkt. No. 89.

On April 20, 2026, Plaintiffs informed Defendants that they intended to move for leave to file the SAC, and the parties met and conferred on April 21, 2026.  *See* Decl. of B. Hur ¶ 3. Plaintiffs claimed that they filed the SAC because they wanted to ensure they complied with the agreed-upon April 15 deadline to amend the complaint.  *Id.* ¶ 4.  Defendants acknowledged that Plaintiffs had filed their SAC by the parties' agreed-upon April 15 deadline (although without seeking required leave) and proposed a compromise to avoid burdening the Court with unnecessary motion practice: Plaintiffs would withdraw the SAC without prejudice, which would allow them to move for leave to add these parties after the Court ruled on the pending motions to dismiss.  *Id.* ¶ 5.  While Defendants reserved the right to oppose such a motion, they agreed not to oppose on

---

[3] The parties submitted their initial Joint Status Report on March 11, 2026, and subsequently realized it contained an error.  *See* Dkt. No. 73.

DEFTS.' OPPOSITION TO MOTION
FOR LEAVE TO FILE 2ND CLASS
ACTION COMPLAINT
CASE NO. 2:25-CV-01818-JLR

2

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

the basis that Plaintiffs' request to add these new parties was untimely. *Id*. In other words, Defendants offered Plaintiffs a proposal that maintained the status quo without prejudicing any party. Plaintiffs rejected this proposal. *Id.* ¶ 6.

On April 23, 2026, Plaintiffs filed the instant Motion, seeking leave to file the SAC to add one plaintiff and one defendant to the suit. Dkt. Nos. 93, 93-1. Plaintiffs also responded to the Court's order to show cause, conceding the SAC was improperly filed and pointing to the Motion as a cure. *See* Dkt. No. 94. This Opposition follows.

## III.   LEGAL STANDARD

The Court has "inherent power to control [its] docket." *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)). In evaluating a motion for leave to amend a pleading brought under Federal Rule of Civil Procedure 15, courts assess five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (quoting *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004)). Leave should be given freely "when justice so requires," Fed. R. Civ. P. 15(a)(2), but a showing of prejudice or a "strong showing of any of the remaining . . . factors" can overcome a presumption in favor of granting leave. *Sauve v. City of Snoqualmie*, 2025 WL 3250980, at *1 (W.D. Wash. Nov. 21, 2025) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003)).

## IV.   THE COURT SHOULD DENY THE MOTION FOR LEAVE TO AMEND

There are two fully briefed motions to dismiss the operative CCAC pending before the Court. Allowing Plaintiffs to file their SAC now would prejudice Defendants because it would require them to re-brief the motions. It would also be futile for all of the reasons set forth in Defendants' pending motions to dismiss. The Court should first adjudicate the motions to dismiss before deciding whether to grant the Motion.

DEFTS.' OPPOSITION TO MOTION
FOR LEAVE TO FILE 2ND CLASS
ACTION COMPLAINT
CASE NO. 2:25-CV-01818-JLR

3

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

*First*, granting Plaintiffs' request for leave to amend at this juncture would be prejudicial to Defendants. The Motion (if granted) would only serve to waste the time and resources Defendants have spent preparing their motion to dismiss briefing. *See* Dkt. Nos. 64, 91.

Defendants have argued that all of Plaintiffs' claims in the CCAC are inadequately pleaded, and Plaintiffs do not seek to amend the CCAC beyond adding two parties. Indeed, Plaintiffs concede that the SAC does not add any substantive allegations and merely alleges "the same core allegations and legal theories already at issue [in the CCAC]." Dkt. 93 at 2. If Plaintiffs are granted leave to file the SAC now, then the parties will need to brief another round of motions to dismiss and their pending motions to dismiss will have been wasted. Courts routinely deny leave to amend where amendment "would have unfairly imposed potentially high, additional litigation costs on [a defendant] that could have easily been avoided." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *see Cortese v. H&R Block Tax & Bus. Servs., Inc.*, 2015 WL 13918396, at \*3 (C.D. Cal. Aug. 4, 2015) (finding prejudice factor weighed against granting leave to amend to make "minor changes" because "prolonged series of incremental amendments would subject Defendants to undue expense in terms of time and resources as they are repeatedly obligated to respond to Plaintiff's Complaints").[4] That is precisely the outcome that would result here, and such "[p]iecemeal amendments to pleadings are inefficient and disfavored." *Unites States ex rel. Bashir v. Boeing Co.*, 765 F. Supp. 3d 1111, 1141 (W.D. Wash. 2025) (citing *Cortese*, 2015 WL 13918396, at \*3); *see also, e.g.*, *Upper Deck Co. v. Flores*, 569 F. Supp. 3d 1050, 1060 (S.D. Cal. 2021) (considering motion to dismiss arguments after ruling on motion to set aside default, despite procedural irregularities, rather than "having Defendant re-file the motion

---

[4] Plaintiffs rely on a prior decision of the Court to argue there is no prejudice, but it is inapposite because the Court's prejudice analysis centered on the potential effect of a specific piece of evidence on a patent infringement claim, rather than duplicative motion practice. *See Wizards of the Coast LLC v. Cryptozoic Ent. LLC*, 309 F.R.D. 645, 652–53 (W.D. Wash. 2015). The other case cited by Plaintiffs, *Harris v. City of Kent*, is likewise inapposite because that case mainly concerned leniency the Court afforded to a *pro se* plaintiff's procedural errors. In that case, there was no indication that the plaintiff sought to amend his pleading while a fully briefed motion to dismiss was pending before the Court. *See* 2020 WL 6392740, at \*1 (W.D. Wash. Nov. 2, 2020).

. . . in the interest of judicial economy and efficiency").

*Second*, Plaintiffs' proposed amendments are futile. There are no new substantive allegations concerning the new plaintiff Furgus Wilson, *see* SAC ¶ 30, and the generalized allegations that purportedly apply to all plaintiffs fail for the same reasons addressed in Defendants' motions to dismiss. As for the new defendant, Plaintiffs appear to have merely added eXp Realty, LLC ("eXp") to replace the dismissed defendant Works Industries, LLC, as the broker associated with Plaintiff Taylor's agent. *See* SAC ¶ 38. However, there are even fewer factual allegations in the SAC about that agent's (and thus eXp's) connection to this litigation than in the CCAC. *Compare, e.g.*, CCAC ¶ 19 & n.10 (alleging that agent's real estate agency posts on social media about involvement in the "Zillow Flex Partners" program), *with* SAC ¶ 19 (deleting allegation). Because Plaintiffs' proposed amendments do not cure any deficiencies, the Motion should be denied as futile. *See Boilermakers Nat'l Annuity Trust Fund v. WaMu Mortg. Pass Through Certificates, Series AR1*, 748 F. Supp. 2d 1246, 1259–60 (W.D. Wash. 2010) (denying leave to amend because proposed amendment that modified identification of party but left "core supporting factual allegations . . . unchanged" did not change insufficiency of the allegations); *Page v. Clark Cnty. Fire Dist. 6*, 733 F. Supp. 3d 1006, 1024 (W.D. Wash. 2024) (finding proposed amendments futile where only new alleged facts regarding dismissed claim "would resurrect the . . . claims dismissed in this Order").

*In sum*, given the procedural posture of this matter—*i.e.*, where the Court has two fully briefed motions to dismiss pending before it and the proposed amendments do nothing more than add two new parties without additional substantive allegations—the interests of justice would be best served by denying Plaintiffs' Motion without prejudice. Should the Court grant Defendants' motions to dismiss without prejudice or otherwise allow this case to proceed after adjudicating Defendants' motions, Plaintiffs could renew their motion seeking leave to join the two new parties

DEFTS.' OPPOSITION TO MOTION
FOR LEAVE TO FILE 2ND CLASS
ACTION COMPLAINT
CASE NO. 2:25-CV-01818-JLR

5

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

following the Court's adjudication of the pending motions to dismiss.[5]

## V.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' Motion for Leave to Amend.

Dated: May 8, 2026

*/s/ Benjamin B. Sweeney*

Benjamin Brink Sweeney (WSBA No. 63957)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Fax: (206) 452-8800
Email: bsweeney@cooley.com

Benedict Y. Hur *(pro hac vice)*
Aarti Reddy *(pro hac vice)*
Thilini Chandrasekera *(pro hac vice)*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
Email: areddy@cooley.com
          bhur@cooley.com
          tchandrasekera@cooley.com

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
Email: mrogers@cooley.com

Sara Victoria M. Pitt *(pro hac vice)*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Fax: (213) 561-3244
Email: sporter@cooley.com

Attorneys for Defendants
Zillow, Inc., Zillow Group, Inc., Zillow Homes,

[5] Defendants reserve all rights to oppose any renewed or additional motion by Plaintiffs to amend their complaint.

DEFTS.' OPPOSITION TO MOTION
FOR LEAVE TO FILE 2ND CLASS
ACTION COMPLAINT
CASE NO. 2:25-CV-01818-JLR

6

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

Inc., Zillow Listing Services, Inc., and Zillow
Home Loans, LLC

Dated: May 8, 2026

*/s/ Diana S. Breaux*
Diana Siri Breaux (WSBA No. 46112)
Eva Sharf Oliver (WSBA No. 57019)
SUMMIT LAW GROUP
315 Fifth Avenue South, Suite 1000
Seattle, WA 98104-2682
Telephone: (206) 676-7000
Facsimile: (206) 676-7001
Email: dianab@summitlaw.com,
evao@summitlaw.com

Attorneys for Defendants
GK Properties, Real Broker, LLC and
Frano Team

DEFTS.' OPPOSITION TO MOTION
FOR LEAVE TO FILE 2ND CLASS
ACTION COMPLAINT
CASE NO. 2:25-CV-01818-JLR

7

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700

**Local Civil Rule 7(e)(6) Certification**

I certify that this memorandum contains 1,942 words, in compliance with the Local Civil Rules for the Western District of Washington.

Dated: May 8, 2026

/s/ Benjamin B. Sweeney
Benjamin Brink Sweeney (WSBA No. 63957)
COOLEY LLP
1700 Seventh Avenue, Suite 1900
Seattle, WA 98101-1355
Telephone: (206) 452-8700
Fax: (206) 452-8800
Email: bsweeney@cooley.com

Benedict Y. Hur *(pro hac vice)*
Aarti Reddy *(pro hac vice)*
Thilini Chandrasekera *(pro hac vice)*
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Fax: (415) 693-2222
Email: areddy@cooley.com
        bhur@cooley.com
        tchandrasekera@cooley.com

Michelle Rogers *(pro hac vice)*
COOLEY LLP
1299 Pennsylvania Avenue, NW, Suite 700
Washington, DC 20004-2400
Telephone: (202) 842-7800
Fax: (202) 842-7899
Email: mrogers@cooley.com

Sara Victoria M. Pitt *(pro hac vice)*
COOLEY LLP
355 South Grand Avenue, Suite 900
Los Angeles, CA 90071-1560
Telephone: (213) 561-3250
Fax: (213) 561-3244
Email: sporter@cooley.com

Attorneys for Defendants
Zillow, Inc., Zillow Group, Inc., Zillow Homes, Inc., Zillow Listing Services, Inc., and Zillow Home Loans, LLC

DEFTS.' OPPOSITION TO MOTION
FOR LEAVE TO FILE 2ND CLASS
ACTION COMPLAINT
CASE NO. 2:25-CV-01818-JLR

8

COOLEY LLP
1700 SEVENTH AVE., SUITE 1900
SEATTLE, WA 98101-1355
(206) 452-8700